## TEXAS INDEMNITY INSURANCE COMPANY V. MRS. DOVIE STAGGS ET AL.

No. 7317. Decided January 3, 1940.
Rehearing overruled January 31, 1940.
(134 S. W., 2d Series, 1026.)

*Bert King* and *Harold Jones,* both of Wichita Falls, *Robert M. Turpin,* of Midland, and *W. P. Z. German,* of Tulsa, Okla., for appellant.

Considering the court's charge as a whole the judgment must be reversed and rendered unless the evidence sustains the finding that the blow was a producing cause of death, and also the finding that carbon monoxide poisoning was a producing cause of death. Texas Emp. Ins. Co. v. Burnett, 105 S. W. 200; Houston & T. C. Ry. Co. v. Harris, 103 Texas 422, 128 S. W. 897.

*Napier & Napier,* of Wichita Falls, for appellees.

The jury having found that monoxide gas was the producing cause of the death, and also that the injury to the head was a producing cause of the death, it is unnecessary for the plaintiff to sustain the finding upon both propositions, it being sufficient, if the record sustains the jury's findings that the head injury produced the death of plaintiff's husband. Metropolitan Casualty Ins. Co. v. Woody, 80 S. W. (2d) 771; Security Union Ins. Co. v. Alsop, 1 S. W. (2d) 921; Fidelity Union Casualty Co. v. Martin, 45 S. W. (2d) 682.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

■ The Court of Civil Appeals has combined in one instrument the certification of the question of law to be decided and its tentative opinion on the question certified. We are authorized by the Court to direct attention to the fact that Rule 15 for the Supreme Court, as rewritten December 9, 1936 (126 Texas v, 99 S. W. (2d) xxvii) contemplates and intends, when a question of law is certified under Article 1851 of the Revised Civil Statutes of 1925, the preparation and transmission of a tentative opinion separate and distinct from the certificate, which certificate should submit the question or questions of law to be

decided with such statement of the nature of the case and of the material facts as may be necessary for the decision of the said question or questions.

The material facts gathered from the certificate and tentative opinion are as follows: H. T. Staggs was an employee of Skelly Oil Company, insured by plaintiff in error Texas Indemnity Insurance Company under the Workmen's Compensation Law. His duties were to supervise and repair engines in the company's pumping plant, which was situated about five or six miles from the town of Burkburnett. He lived on the company's property a short distance from the plant and was required to be in and out of the pumping plant and to keep the engines working properly for twenty-four hours a day. Staggs worked nearly all night on October 31, 1935, endeavoring to repair one of the engines and returned to his home about 8 o'clock on the morning of November 1. After eating breakfast with his family he started to go back to the pumping plant to complete his work, fell while descending the steps of his home and struck his head on a concrete block near the steps. He went on to the pumping plant, however, and about 9:30 o'clock engaged in a telephone conversation with the superintendent of the Skelly Company, who gave him instructions that called for a reply. Staggs made no reply and about fifteen minutes after the end of the telephone conversation the superintendent sent a man to investigate. Staggs was found dead, lying on the floor of the office of the pumping plant.

The suit was brought by the surviving wife in behalf of herself and minor children for recovery of compensation under the Workmen's Compensation Law. The petition alleges the facts above set out as to the fall and further that the exhaust pipe of one of the engines in the pumping plant leaked, causing great quantities of carbon-monoxide gas to accumulate in the building, and that Staggs was compelled to inhale the gas while he worked. Then follows this allegation: "And the plaintiffs allege that said fall and the inhalation of the carbon-monoxide gas, both and each, caused and contributed to the death of the said H. T. Staggs."

A physician, who performed an autopsy at the request of plaintiff in error, testified that the death of Staggs was due to cerebral hemorrhage caused by the rupture of the carotid artery and that the rupture resulted from high blood pressure, sclerosis of the blood vessel and degeneration of the brain tissue surrounding the blood vessel, which condition, in his opinion, might have existed for months or years. A physician who testified for defendants in error expressed an opinion

which the Court of Civil Appeals found sufficient to support the jury's finding that the injury suffered by Staggs in the fall caused his death.

The jury made, among others, the following finding in answer to special issues:

"1. Do you find from a preponderance of the evidence that the deceased H. T. Staggs, fell while descending the steps of his house on the morning of November 1, 1935?
"Answer: He did.

"2. Do you find from a preponderance of the evidence that the deceased, H. T. Staggs, sustained accidental injury to his head in so falling, if he did fall.
"Answer: He did.

"3. Do you find from a preponderance of the evidence that such injury, if any, was a producing cause of the death of the said H. T. Staggs, deceased?
"Answer: Yes.

"4. Do you find from a preponderance of the evidence that such injury, if any, was sustained in the course of his employment with Skelly Oil Company?
"Answer: Yes.

"5. Do you find from a preponderance of the evidence that the deceased, H. T. Staggs, inhaled carbon monoxide gas on or about the 1st day of November, 1935, in the employer's pumping station?
"Answer: He did.

"6. Do you find from a preponderance of the evidence that the said H. T. Skaggs, deceased, sustained an accidental injury as the result of the inhalation of such gas, if any?
"Answer: He did.

"7. Do you find from a preponderance of the evidence that such injury, if any, was a producing cause of the death of the said H. T. Staggs, deceased?
"Answer: Yes.

"8. Do you find from a preponderance of the evidence that such injury, if any, was sustained in the course of his employment while in the employ of Skelly Oil Company?
"Answer: Yes.

"9. You you find from a preponderance of the evidence that

the death of the said H. T. Staggs was not caused solely by disease?

"Answer: It was not caused solely by disease." .

In submitting the special issues the court thus instructed the jury as to the meaning of "producing cause":

"You are instructed that the term 'producing cause' as used in this charge, is that cause which, in a natural and continuous sequence, produces the death in issue, and without which the death would not have occurred."

On the jury's answers to the special issues above set out, and answers to other issues not material to the question certified, judgment was rendered in favor of defendants in error against plaintiff in error for the sum of $20.00 per week for 360 consecutive weeks.

The Court of Civil Appeals concluded that there is no evidence to support the jury's answers to issues Nos. 5, 6, and 7 above set out by which it found that Staggs inhaled carbon-monoxide gas, that he sustained accidental injury in the inhalation of the gas, and that such injury was a producing cause of his death; and counsel for defendants in error has conceded the correctness of that conclusion. The Court of Civil Appeals expressed in the certificate and tentative opinion the further conclusion that there is evidence reasonably supporting the jury's answers to issues Nos. 1, 2, 3 and 4 above set out by which it found that Staggs fell while descending the steps of his home, that in so falling he sustained accidental injury to his head, that such injury was a producing cause of his death, and that the injury was sustained in the course of his employment.

The question certified for decision is as follows:

"Were the findings of the jury, in answer to special issues Nos. 1, 2, 3 and 4, sufficient, of themselves, to support the judgment rendered awarding plaintiffs compensation for the death of Staggs, independently of further findings in answer to special issues Nos. 5, 6 and 7, which had no sufficient support in the evidence adduced?"

Plaintiff in error takes the position that judgment for compensation cannot be rendered unless the evidence sustains both the finding that the injury to the head was a producing cause of death and also the finding that carbon-monoxide poisoning was a producing cause of death; while the contention of

defendants in error is that it is immaterial that the evidence does not support the finding as to injury from gas, it being sufficient if there is evidence sustaining the finding that the injury to the head produced death.

■ There is nothing in the compensation law indicating that an injury suffered by an employee in the course of his employment, to be compensable, must be the sole cause of disability or death or that compensation is to be denied when an injury in the course of the employment causes disability or death not of itself but concurrently with another injury or cause. The statute provides in general terms that an employee who is injured in the course of his employment shall be paid compensation and that if death results from the injury compensation shall be paid to the legal beneficiaries of the deceased employee. Sections 3b and 8 of Article 8306, Revised Civil Statutes of 1925.

■ It is well settled that in a suit under the compensation law it is not necessary for the claimant to show that the injury proximately caused disability or death. Recovery is authorized if a casual connection is established between the injury and the disability or death. "Producing cause" is the term most frequently used in compensation cases. Sometimes the cause required to be proven is described as an "efficient, exciting or contributing cause." See Texas Employers' Insurance Association v. Burnett, 129 Texas 407, 105 S. W. (2d) 200; Travelers' Insurance Co. v. Peters (Com. App.) 14 S. W. (2d) 1007; Texas Employers' Insurance Association v. Lovett, 19 S. W. (2d) 397 (application for writ of error refused) ; Texas Employers' Insurance Association v. Birdwell, 39 S. W. (2d) 159 (application for writ of error refused). The approved definition of "proximate cause" in negligence cases and the approved definition of "producing cause" in compensation cases are in substance the same, except that there is added to the definition of proximate cause the element of foreseeableness. Phoenix Refining Co. v. Tips, 125 Texas 69, 72, 81 S. W. (2d) 60; Young v. Massey, 128 Texas 638, 640, 101 S. W. (2d) 809; Texas Employers' Insurance Association v. Burnett, 129 Texas 409, 410, 105 S. W. (2d) 200. It is apparent that "producing cause" is broader in its scope than is "proximate cause." Since this is true and since the purpose of the compensation law is to extend compensation to employees injured in the course of employment, without reference to negligence on the part of employers, stricter rules certainly should not be applied in com-

pensation cases for tracing results to causes than those that are appropriate to negligence cases.

■ In actions at common law to enforce liability for negligence the act or omission to be the proximate cause need not be the sole cause. It may be a concurrent or contributing cause. Gonzales v. City of Galveston, 85 Texas 3, 19 S. W. 284; Texas Power & Light Co. v. Culwell (Com. App.) 34 S. W. (2d) 820; Gulf C. & S. F. Ry. Co. v. Ballew (Com. App.) 66 S. W. (2d) 659. The same principle is given effect in compensation cases which hold that when injury is sustained by an employee in the course of his employment which results in his disability or death, compensation therefor will not be denied, although the injury may be aggravated or enhanced by the effect of disease existing at the time or afterwards occurring. Guzman v. Maryland Casualty Co., 130 Texas 62, 107 S. W. (2d) 356; Commercial Standard Insurance Co. v. Noack (Com. App.) 62 S. W. (2d) 72; Texas Employers' Insurance Association v. Parr, (Com. App.) 30 S. W. (2d) 305; Norwich Indemnity Co. v. Smith (Com. App.) 12 S. W. (2d) 558; Millers Indemnity Underwriters v. Schrieber, 240 S. W. 963 (application for writ of error refused).

Judge Nickels, writing the opinion in Norwich Indemnity Co. v. Smith, supra, said: "And if 'Bright's disease' etc., existed prior to the 'fall' and made substantial contribution to death, those facts would not preclude a holding that death resulted from injury received in the 'fall'." In Texas Employers' Insurance Association v. Parr, supra, the jury in answer to a special issue found that seventy-five per cent. of the incapacity of the employee was chargeable to injury suffered by him in the course of his employment and by inference that the other twenty-five per cent. was the result of disease. It was held that notwithstanding such finding the employee was entitled to the full amount of the compensation allowed by the statute.

In the cases last cited the diseased condition of the employee was a concurring or contributing cause of the disability or death, but compensation was awarded because the injury received in the course of employment concurred with the disease in causing the disability or death and was therefore a producing cause.

Chief Justice Willson in Maryland Casualty Co. v. Mueller, 247 S. W. 609, 610, a compensation case, said: "It is clear, we think, that when an employee as the result of an accident suf-

fers several injuries, all of them not only can but should be considered in determining whether the resulting incapacity to work is total and permanent or not, without reference to whether provision is made in the statute for compensation separately of such injuries or not, and without reference to the fact that no one of such injuries alone would warrant a finding that the incapacity was total and permanent. Such finding, we think, would be warranted if the injuries together resulted in such incapacity."

The statute (Section 12, Article 8306, Revised Civil Statutes of 1925) provides that if an employee sustains concurrent injuries resulting in concurrent incapacities, he shall receive compensation only for the injury that produces the longest period of incapacity, thus evidencing an intention to award compensation when incapacity to work results from more than one injury, without, however, paying compensation twice for one period of incapacity. It is possible and even probable that an employee may within a short period of time suffer two injuries in separate accidents and that incapacity or death may result either from one of the injuries alone or from both of them taken together. The allegations of defendants in error's petition make such case. It is alleged that "said fall and the inhalation of the carbon-monoxide gas, both and each, caused and contributed to the death of the said H. T. Staggs." According to the certificate from the Court of Civil Appeals there is evidence sustaining the jury's finding that the injury suffered in the fall was a producing cause of death but no proof that death was caused by gas poisoning.

■ In view of the jury's findings and the state of the evidence, the case is similar to negligence cases in which several acts or omissions on the part of the defendant are alleged by the plaintiff and found by the jury to be proximate causes of injury, and in which the finding as to one of the causes is not supported by evidence. In such cases it is held that the unwarranted finding may be disregarded and judgment rendered for the plaintiff on the valid findings. Texarkana & Ft. S. Ry. Co. v. Rea, 180 S. W. 945; Schaff v. Morris, 227 S. W. 199 (application for writ of error refused) ; Carter v. Ferris, 93 S. W. (2d) 504; St. Louis B. & M. Ry. Co. v. Cole, 4 S. W. (2d) 1019, 1022; Id. (Com. App.) 14 S. W. (2d) 1024.

■ Here, when the unwarranted findings that the employee was injured by the inhalation of gas and that such injury was a producing cause of his death are disregarded, there remain the findings that he suffered injury to his head in falling, that

such injury was a producing cause of his death, and that death was not caused solely by disease. As there was evidence of the existence prior to the fall of a diseased condition of the carotid artery and the brain tissue, we construe these remaining findings of the jury to mean that the injury suffered in the fall was a concurring cause with preexisting diseased condition in producing death. So construed the verdict supports the judgment for compensation. See Guzman v. Maryland Casualty Co. 130 Texas 62, 107 S. W. (2d) 356 and other similar cases hereinbefore cited.

It is contended by plaintiff in error that the jury's findings mean that the injury from the fall and that from the gas poisoning were, taken together, the producing cause of death and not that each injury was a cause. We do not so construe the verdict. The jury found in answer to one issue that the injury from the fall was a producing cause and in answer to another that the injury from gas poisoning was a producing cause. There may be more than one producing cause, as there may be more than one proximate cause. There is nothing in the verdict or in the court's charge suggesting that the jury meant to find that death would not have resulted but for the concurrence of the two injuries, the one from the fall and the other from the gas, unless it is the use by the trial court of the phrase "without which death would not have occurred" in defining the meaning of "producing cause." That phrase is merely a part of the definition. As observed by Associate Justice Funderburk in Texas & Pacific Ry. Co. v. Short, 62 S. W. (2d) 995, (application for writ of error refused) "to say of the cause of an injury that it is one 'but for which the injury would not have happened' is to repeat something already included in the usual and ordinary meaning of the word 'cause'." The phrase is ordinarily used both in the definition of proximate cause and in the definition of producing cause. Its purpose is to direct the jury's attention to the importance of unbroken causal connection between the injury and the disability or death. When used in the charge as a part of the definition of producing cause it should not be read into separate and distinct issues as to different injuries in such way as to make the issues or the answers to them dependent the one upon the other.

. We believe that the construction which we have given to the issues and the jury's answers to them is in accord with the rules which require that a reasonable rather than a technical construction be given to special issues and the answers to them as a whole, and which permit the disregarding of conflicts or

contradictions which are apparent rather than real and the entry of judgment, without reference to immaterial issues, on the answers to material issues which afford sufficient basis for judgment. First National Bank v. Rush, (Com. App.) 246 S. W. 349, 353; Whitson v. Nichols (Com. App.) 12 S. W. (2d) 556; Texas Indemnity Co. v. Bridges, 52 S. W. (2d) 1075 (application for writ of error refused); Texas Indemnity Co. v. Dean, 77 S. W. (2d) 748; Southland-Greyhound Lines v. Richardson, 126 Texas 118, 86 S. W. (2d) 731; Traders & General Insurance Co. v. Ross, 131 Texas 562, 117 S. W. (2d) 423.

We answer the certified question as follows: The findings of the jury in answer to special issues Nos. 1, 2, 3 and 4 were sufficient of themselves to support the judgment rendered awarding plaintiffs compensation for the death of Staggs, independently of further findings in answer to special issues Nos. 5, 6 and 7, which had no sufficient support in the evidence adduced.

Opinion adopted by the Supreme Court January 3, 1940.

Rehearing overruled January 31, 1940.