**GLOBE INDEMNITY CO. v. MATTHEWS**
**et al.**

**No. 10441.**

Circuit Court of Appeals, Fifth Circuit.

Nov. 18, 1942.

Geo. D. Neal, of Houston, Tex., for appellant.

J. Edwin Smith, of Houston, Tex., for appellees.

Before HOLMES and McCORD, Circuit Judges, and STRUM, District Judge.

PER CURIAM.

The surviving wife and minor children of George A. Matthews, deceased, brought suit to recover benefits under the provisions of the Texas Workmen's Compensation Law, Vernon's Ann.Civ.St.Tex. art. 8306 et seq., against Globe Indemnity Company, underwriter of the compensation liability of the employer, Houston Oil Company of Texas. After verdict, judgment was entered for the plaintiffs and Globe Indemnity Company appealed.

George A. Matthews sustained two injuries while working in the course of his employment with Houston Oil Company of Texas. On or about September 5, 1938, he was injured when a piece of wood pierced his leg. This injury caused a varicose ulcer to develop where the skin had been penetrated. On August 4, 1940, he slipped and fell and bruised his leg above the ankle where the ulcer had formed. This latter injury aggravated the old wound. Matthews died on March 12, 1941, and appellees' medical witness testified that in his opinion, "The man died from a pulmonary obstruction, which simply means that the blood supply had been cut off to the vessels of the lungs, and that disease is known as pulmonary embolism. * * * The clot was derived from a leg which showed the symptoms characteristic of a clot, and obviously it came from the area of injury or disease in the leg."

Appellees contend that there was a causal connection between the two injuries received by Matthews and his death. Appellants contend that his death was due to disease, sickness, and natural causes wholly unconnected with his employment.

Under Texas law recovery in compensation cases is authorized "if a causal connection is established between the injury and the disability or death". Texas Indemnity Company v. Staggs, 134 Tex. 318, 134 S.W.2d 1026, 1028. Review of the record discloses that the evidence made a case for the jury as to whether the injuries received by Matthews in 1938 and 1940 were a contributing cause of his death on March 12, 1941. Cf. Texas Employer's Insurance Association v. Parr, Tex.Com.App., 30 S.W.2d 305; Brodtmann

434

v. Zurich General Accident & Liability Co., Ltd., 5 Cir., 90 F.2d 1; Southern Underwriters v. Parker, Tex.Civ.App., 129 S.W. 2d 738; Texas Employers' Ins. Association v. Lovett, Tex.Civ.App., 19 S.W.2d 397.

The verdict and judgment find ample support in the record. The judgment is affirmed.