2:37



# THE ATTORNEY GENERAL

## OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

**AUSTIN, TEXAS**

*overrule*
*O-2609*  N

December 7, 1949

Honorable A. C. Winborn
District Attorney
Harris County
Houston, Texas

Opinion No. V-955.

Re: Liability of flood control
and navigation districts for
motor vehicle registration
fees and sales taxes.

Dear Mr. Winborn:

You request our opinion on the following question:

"Are the Harris County Navigation District and
the Harris County Flood Control District legally liable
for the one per cent (1%) Motor Vehicle Retail Sales
Tax, also are these districts legally liable for the pay-
ment of the registration fees or license tax on motor
vehicles owned and operated by them?"

We appreciate the excellent brief submitted with your
request and agree with your conclusion.

By Section 2, Article VIII of the Texas Constitution, the
Legislature is authorized to exempt public property used for public
purposes from taxation. In pursuance to this authorization the Leg-
islature has exempted all property, whether real or personal, be-
longing exclusively to this State, or any political subdivision thereof.
Art. 7150, sec. 4, V.C.S.

The districts in question were created and incorporated
under laws enacted pursuant to Section 59, Article XVI of the Texas
Constitution, and are political subdivisions of the State. Lower Col-
orado River Authority v. Chemical Bank and Trust Co., 144 Tex.
326, 190 S.W.2d 48 (1945). In fact, Section 59, Article VIII express-
ly states "which districts shall be governmental agencies and bodies
politic."

You state in your question that the motor vehicles are
owned and operated by the districts in question. To be exempt they
have to be both owned by a political subdivision, that is, "public
property" and used exclusively for public purposes. If these dis-
tricts are operating these motor vehicles in the furtherance of the
purposes for which they were created then the motor vehicles are
exempt from all taxation.

The Supreme Court of Texas in Lower Colorado River Authority v. Chemical Bank and Trust Co., supra, in construing the validity of Section 4a, Article 7150, V.C.S., stated in part:

"(5) Nor can the force of Art. XI, Sec. 9, of the Constitution of this state, be destroyed in this case by any application of the doctrine of ejusdem generis. It is contended that under that doctrine the fact that the words 'all other property devoted exclusively to the use and benefit of the public' follow the language 'public buildings and the sites therefor, fire engines and the furniture thereof, and all property used, or intended for extinguishing fires, public grounds' limits the application of the exemption to public buildings and grounds and anything used to fight fires. We do not believe the framers of the Constitution ever intended that the exemption should be so narrowly applied, otherwise the purpose of the exemption would be largely defeated. To apply the doctrine of ejusdem generis in its strict sense would mean that government in Texas could engage in the senseless process of taxing itself, the net result of which would be but to take its own money out of one pocket for the purpose of putting it into another,-less the cost of assessing and collecting the tax. Obviously that procedure could never accomplish anything but an idle expenditure of public funds. See State of New Mexico v. Locke, 29 N. M. 148, 219 P. 790, 30 A. L.R. 407. (Underscoring ours.)

"To illustrate, parking meters are now maintained in nearly every city of any importance to assist in providing funds with which the cities may purchase and operate fire fighting machinery, own public grounds, erect public buildings and otherwise perform their functions. To the extent of the revenues they yield, the meters relieve the cities of the necessity of raising those funds by general direct taxation. Therefore, to tax them would mean that what is taken by taxation, plus the cost incident to the process, would have to be made up in some other form of taxation. Again, road machinery owned and used exclusively by a county in constructing and maintaining public roads, trucks, owned by the state and used exclusively by it in transporting food and other essential supplies to its eleemosynary institutions and literally hundreds of other items of personal property owned by the public and used exclusively for public purposes would be liable to taxation at the will of the legislature, merely because they cannot be classified as public buildings, public grounds or instrumentalities for extinguishing fires. (Underscoring ours.)

"Thus this court early and unequivocally denied the doctrine that the legislature has the power to tax all public property except courthouses, jails, fire fighting apparatus, school buildings, playgrounds, libraries, public parks, and the like. It announced in unmistakable language that the legislature is without power to tax any property publicly owned and held only for public purposes and devoted exclusively to the use and benefit of the public. Yet the Constitution has never been amended either to modify or overrule those clear declarations; nor, in so far as we are advised, has any attempt ever been made so as to amend it. So it is not for us now to question them. We hold, therefore, that Sec. 4a, of Art. 7150, Vernon's Ann. Civ. St., supra, is void."

It is therefore our opinion that neither the Harris County Navigation District nor the Harris County Flood Control District is liable for the payment of registration fees or license taxes or the motor vehicle retail sales or use tax on motor vehicles owned by them which are used exclusively for public purposes.

This office during a prior administration in 1940 rendered Opinion O-2609 in which it held that water improvement districts were not exempt from payment of motor vehicle license fees. This opinion recognized that such districts were political subdivisions of the State and were exempt from taxation, but based its holding on the proposition that the license fee exacted for the registration of motor vehicles was not a tax. It cited the case of Atkins v. State Highway Department, 201 S.W. 226 (Tex. Civ. App. 1918, error ref.), as the authority for this holding. We have carefully studied this case and find that Atkins was resisting the payment of the registration fee on the ground that it was a property tax and was in violation of the equal and uniform provision of the Texas Constitution, Article VIII, Section 1. The court, after a full discussion thereof, held that the sum of money which Atkins was required to pay was not a tax on ownership, but a license fee for the privilege of operating his automobile on the public highways of the State. It will be noted that the court did not state that the license fee was not a tax, but that it was not a property tax.

Subsequent thereto the Supreme Court of Texas, in Payne v. Massey, 145 Tex. 237, 196 S.W.2d 493 (1946), stated:

"Article 6698 is a part of Section 2, of Title 116, Chapter 1, Vernon's Ann. Civ. Stat. dealing with the regulation and registration of motor vehicles. Under such title the State exacts a license or registration fee which is a privilege tax in the nature of a license or toll for the use of the highways of this State. Blashfield's Cyclopedia of Automobile Law and Practice, Perm. Ed., Vol. 1, Secs. 212, 213, 214."

In Louwein v. Moody, Tax Collector, 12 S.W.2d 989 (Comm. App. 1929), the court referred to the registration statutes as imposing a "fee" or "tax".

We therefore overrule Opinion No. O-2609.

## SUMMARY

Neither the Harris County Navigation District nor the Harris County Flood Control District is liable for the payment of registration fees or license taxes or the motor vehicle retail sales or use tax on motor vehicles owned by them which are used exclusively for public purposes. Tex. Const. Art. VIII, Secs. 2 and 59. Art. 7150, Sec. 4, V.C.S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By W. V. Geppert
Assistant

WVG/mwb

APPROVED

Price Daniel
ATTORNEY GENERAL