TRADERS & GENERAL INS. CO.

v.

ROOTH.

No. 3170.

Court of Civil Appeals of Texas.

Waco.

May 20, 1954.

Rehearing Denied June 10, 1954.

540

Butler, Binion, Rice & Cook, Houston, for appellant.

Hill, Brown, Kronzer & Abraham, Houston, Wellborn & Britt, Alvin, for appellee.

McDONALD, Chief Justice.

' This is a Workmen's Compensation case in which the Trial Court, upon the verdict of the jury, entered a judgment for (Plaintiff) Appellee. Appellee was employed as a driller for the R & M Well Servicing and Drilling Company. He alleged that on 21 October 1951 he suffered accidental injury to his "head and brain and the supporting structure thereof" while performing the duties of his employer; and while bent in a position where his head was below the level of his feet, undertaking to screw a pressure gauge into a valve. While in this position, as a result of strain, he suffered a rupture of an aneurysm (a weak spot in a blood vessel) in his head near the base of the skull, thereby producing a subarachnoid hemorrhage; that his injuries have resulted in total and permanent disability.

Trial was to a jury, which returned a verdict for Appellee, and upon which the Trial Court entered a judgment for Appellee for total and permanent disability benefits.

Appellant (Defendant Insurance Carrier) appeals on 4 Points but which present

3 basic contentions: 1) That there is no evidence, or there is insufficient evidence that Appellee sustained accidental injury; 2) That the Trial Court erred in its definition of "producing cause"; 3) That there was no evidence or insufficient evidence to support the jury's finding that Appellee was totally and permanently disabled.

In connection with Appellant's 1st Point, viz.: that there is no evidence or insufficient evidence that Appellee sustained an accidental injury, Appellant contends that before Appellee can recover there 1) must be an accident and that 2) the accident must result in injury; and that there could be no *accident* in the case at bar since Appellee could have suffered no strain in turning the screw, greater than that caused by any of his ordinary and usual activities. Appellant contends that the aneurysm was present in Appellant from birth or for a long time and that normal activity would have and did cause it to rupture—and for such reason the injury was not caused by accident and is not compensable under the Act. Appellant further contends that the onset of the injury preceded the Appellee's attempt to screw the pressure gauge.

We cannot agree with Appellant's position or contentions. The record reflects that the witnesses Nance and Hill testified that Appellee appeared to be in good health and made no complaints of headaches prior to screwing the gauge into the valve. Further, Appellee denied that he was suffering any difficulty prior to attempting to screw the gauge into the valve.

■ The record further reflects that Dr. Schnur and Dr. Brown both testified that the incident described by the witnesses produced and caused the hemorrhage. Dr. Fountain—Appellant's witness—testified that the onset of such a hemorrhage often occurs after physical exertion. Appellee's position with his head lower than the level of his feet, together with the effort immediately preceding the onset of the hemorrhage, were such as to produce strain on Appellee. The fact that Appellee may have been afflicted for a long time or since birth with the aneurysm does not alter his right to recover. Compensation benefits can be awarded if the workman, as a result of job exertion, sustains hemorrhages, ruptures or heart attacks, notwithstanding the fact that predisposing factors contribute to the incapacity or death. Texas Employers Ins. Ass'n v. Smith, Tex.Civ.App., 235 S.W.2d 234; Federal Underwriters Exchange v. Polson, Tex.Civ.App., 148 S.W.2d 956, W/E Dis.; Southern Underwriters v. Hoopes, Tex.Civ.App., 120 S.W.2d 924, W/E Dis.; Carter v. Travelers Ins. Co., 132 Tex. 288, 120 S.W.2d 581.

■ And so it is that whatever the physical condition of the individual may be, if it is such that it requires some physical exertion or strain to cause the rupture, the injury is properly classed as an accidental one. Texas Employers Ins. Ass'n v. McGrady, Tex.Civ.App., 296 S.W. 920, W/E Dis.

■ The jury believed from the evidence that the unusual position Appellee had assumed in his attempt to insert the gauge into the valve, as well as the difficulties he had in performing the operation, was not only unusual, but that it constituted strain and resulted in the rupture of the aneurysm, producing his incapacity. The jury had the right to so believe. The rule is that after disregarding all adverse evidence and considering the evidence most favorable to Appellee, giving it all reasonable conclusions and inferences that might be drawn therefrom, if such evidence is of sufficient probative force that reasonable minds might differ as to the ultimate conclusion to be reached, it will be held that the evidence supports the judgment. See: Hood v. Texas Indem. Ins. Co., 146 Tex. 522, 209 S.W.2d 345; Aetna Cas. & Sur. Co. v. Isensee, Tex.Civ.App., 211 S.W.2d 613, W/E Ref. N.R.E.; Associated Emp. Lloyds v. Self, Tex.Civ.App., 192 S.W.2d 902; Associated Emp. Lloyds v. Groce, Tex.Civ.App., 194 S.W.2d 103, W/E Ref. N.R.E.

■ We believe that the evidence, viewed in a light most favorable to the verdict, is ample and sufficient to sustain the judgment.

Appellant's 2nd Point contends that the Trial Court erred in defining "producing cause" to be "an *efficient, exciting, or contributing cause which in a natural and continuous sequence produces incapacity.*" Appellant complains that the above definition does not embody the requirement *"that the cause must be such that without it the incapacity would not have occurred."*

Our courts have held that it is not necessary to define "producing cause"; but if definition be undertaken it must be correctly defined. The object of correct definition is to present a proper and correct concept or understanding of what is meant. There are no stereotyped words, which exclusive of all other means of expression, can be said to define "producing cause". It may be correctly defined in a variety of ways. It has been held that "producing cause" must express causation in fact; Pacific Indem. Co. v. Arline, Tex.Civ.App. 213 S.W. 2d 691 (Er.Dis.Agr.); that "producing cause" of incapacity or death is such as naturally resulted in incapacity or death, Lewis v. Texas Emp. Ins. Ass'n, Tex.Civ. App. 197 S.W.2d 187; that the terms "producing cause" and "natural result" are synonymous, Strong v. Aetna Casualty & Surety Co., Tex.Civ.App., 170 S.W.2d 786; that "producing cause" means such injury as would naturally result in disability, Texas Employers Ins. Ass'n v. Hitt, Tex.Civ. App., 125 S.W.2d 323; whether injury is a "producing cause" of disability depends on whether there is continuity of the chain of causation between injury and disability. Traders & General Ins. Co. v. Turner, Tex. Civ.App., 149 S.W.2d 593, Er.Dis.Judg.Correct; that there is no difference between the terms "cause" and "producing cause", Traders & General Ins. Co. v. Ray, Tex. Civ.App., 128 S.W.2d 80, Er.Dis.Judg.Correct; and finally, Webster's Dictionary, 5th Edition, defines the word "cause" to be: "that which occasions a result; that which produces or contributes to a result; that which brings about * * *".

We believe that the definition as given by the Trial Court conveys and presents the correct concept of what is meant by the term "producing cause".

A workman can recover compensation benefits if a job incident *contributes* to cause his incapacity. Texas Indemnity Ins. Co. v. Staggs, 134 Tex. 318, 134 S.W. 2d 1026; Travelers' Ins. Co. v. Peters, Tex.Civ.App., 3 S.W.2d 568—affirmed Tex. Com.App., 17 S.W.2d 457. In other words, a predisposing bodily infirmity will not preclude or reduce compensation benefits if the ultimate incapacity is contributorily caused by an accident arising out of the employment. Further, the Peters case, supra, cited with approval by the Commission of Appeals, defines "producing cause" in the same manner as the Trial Court submitted it in the case at bar. Travelers Ins. Co. v. Johnson, Tex.Civ.App., 84 S.W.2d 354, W/E Dis., *is directly in point and holds that a definition of "producing cause" almost identical to the definition in the case at bar, and not containing "and without which the death would not have occurred",* was not error, and that all that is necessary to be shown in a proper definition is that the injury was the producing cause of the death or disability, "producing" being defined to be the cause bringing about; the natural cause; or such cause as naturally resulted in death (or injury).

We hold that the definition as given by the Trial Court is not error.

Appellant's 3rd Point complains that there was no evidence or insufficient evidence to support a finding of total and permanent disability. A review of the record reflects ample testimony to sustain the finding of the jury. The Appellee testified as to the difficulties he had in working; other lay witnesses who knew him before and after the accident testified; and the Veterans Administration doctor testified that he should "not participate in any activity" that required him to lift or to strain, due to the fact that he might rupture the aneurysm again. Appellant cites evidence favorable to its contention, wholly disregarding the testimony of the witnesses of Appellee, Mr. Nance, Mr. Hill, Mr. Ford, Dr. Schnur, Dr. Brown and Dr. Fountain, all of whose testimony supports the finding of total and permanent disability. The testimony of the above witnesses is abundant

to support the proposition that Appellee sustained brain damage, resulting in nervousness, headaches, loss of weight, tiredness, and lack of vitality, and that he will be permanently unable to engage in tasks requiring lifting or straining, and that if he gives a truthful statement of his condition to a prospective employer he will be unable to secure employment. The fact that Appellee has taken employment (at a much less gainful remuneration than he received prior to his accident) because of his necessitous circumstances, does not militate against the undisputed medical opinion, that in doing and performing the work he is doing or is attempting to do, he is imperiling his life.

All of Appellant's Points have been carefully considered, and it being our conclusion that they present no reversible error, the judgment of the Trial Court is affirmed.