**TRADERS & GENERAL INSURANCE COMPANY, Appellant,**

**v.**

**Pearley McDANIEL et al., Appellees.**

**No. 6137.**

Court of Civil Appeals of Texas.

Beaumont.

Sept. 27, 1957.

Rehearing Denied Oct. 16, 1957.

Collins, Garrison, Renfrow & Zeleskey, Lufkin, for appellant.

Fulmer, Fairchild & Barnett, Nacogdoches, for appellees.

HIGHTOWER, Justice.

The jury verdict resulted in a judgment for appellees for full death benefits under the Workmen's Compensation Law. Vernon's Ann.Civ.St. art. 8306 et seq. Of appellant's nine points of error, the first four complain of the insufficiency of the evidence to sustain the jury's findings that the deceased sustained an accidental injury, and that death was the natural result thereof.

Gregor McDaniel, the deceased, was an employee of the City of Timpson, Texas. Part of his duties consisted of climbing electric light poles for the purpose of refusing transformers and hanging service lines and meters. Immediately prior to his death he was thought, by his intimate acquaintances, to be a man of good health; robust, muscular, active and able. The petition alleged that over-exertion on the job occasioned a heart attack, or coronary thrombosis and coronary occlusion, causing his death. The mayor of Timpson testified that on November 13, 1955, the deceased, equipped with climbing spurs ascended some 30 or 35 feet of a power pole for the purpose of repair work thereon; that he completed the work and descended the pole in the total time of 6 to 8 minutes; that after the deceased got off the pole and walked toward the mayor for about 10 feet he stated, "I am hurting enough to kill me"; that shortly thereafter he was dead. The mayor further testified that one could climb a pole with these climbing spurs, "just like climbing stairs". Another of appellant's witnesses stated that there was no strain in climbing a pole by this method. Two other witnesses testified of complaints of indigestion by the deceased two days prior to his death.

Dr. Devine, appellees' witness, examined the deceased shortly after his death and signed the death certificate as coronary thrombosis being the cause of death. On the trial he stated that, after reconsideration, he was of the opinion that death was the result of a coronary occlusion; that he was of the opinion that the climbing of the pole 30 or 35 feet, using spikes, was extraordinary physical exertion requiring more energy than using a maul or hammer breaking concrete; that the exertion was the cause of the coronary occlusion; that, "there isn't any question in my mind that climbing the pole certainly precipitated the

coronary occlusion"; that a heart attack does not usually occur in the absence of some pre-existing disease or abnormality.

On cross-examination Dr. Devine stated that he knew of no prior cardiac pathology of the deceased; that had he had prior heart trouble he would say he died from thrombosis; that had there been a history of complaints of indigestion a short period before his death, his opinion would be that death was possibly due to a coronary thrombosis; that it could be entirely possible, had a thrombosis been forming in the coronary artery, that death would have occurred at the time it did with, or without, the activity of climbing the pole.

In connection with this testimony the appellant makes the argument that the doctor's opinion is based first on an assumption that the deceased was engaged in excessive exertion or strain, and based upon the further and false presumption that the deceased did not have previous complaints of indigestion; that there is thus a stacking of one inference upon another and secondly, the basis for the doctor's opinion that deceased died as the result of a coronary occlusion is destroyed by the evidence of a prior complaint of indigestion; that although there is testimony reflecting what the deceased was doing immediately prior to his death, the doctor had to assume that this was excessive exertion as the basis of his opinion; that the evidence does not support this assumption by the doctor.

We are unable to agree with the appellant's construction or interpretation of the testimony. The witness's opinion that the work in which the deceased was engaged at the time of his death was such as entailed more than ordinary physical exertion is undoubtedly a matter of medical knowledge. We would not hesitate to say it is a matter of such common knowledge that a court might take judicial notice of it. Whether it may have precipitated the heart attack is another thing. The witness said that it did. The weight and credibility of his testimony was for the jury to determine. The appellant has apparently failed to consider that this witness had previously stated on cross examination that he based his opinion of the coronary occlusion upon various objective manifestations at the time of examination of the deceased, one being that the body was cyanotic, evidencing a bluish or purplish discoloration of the skin due to lack of oxygen in the blood stream. Again, the conflict, if any, was for the jury's determination. We hold the evidence amply establishes the appellees' theory of death resulting from an accidental injury in the course of employment by reason of overexertion and strain. Texas Employers' Ins. Ass'n v. Talmadge, Tex.Civ.App., 256 S.W.2d 945, n. r. e., and cases cited. Appellant's first four points are overruled.

On re-direct examination Dr. Devine was asked to give his opinion, "from what you learned about it, doctor, as to what brought on his death". Objection was made by appellant, which was overruled, that counsel for appellees was attempting to set out a hypothetical question which did not state the basis for such opinion, the witness replied that he felt that the deceased's occupation contributed to a certain extent to the cause of his death. This objection of appellant's is assigned as its fifth point of error.

There appears to be no error of any consequence. This witness had previously testified without this objection that he thought in all probability the deceased's occupation more than likely had something to do with his death; that there was not any question in his mind that climbing the pole certainly precipitated the coronary occlusion. At most the statement was cumulative and harmless. Newton v. McCarrick, Tex.Civ.App., 75 S.W.2d 472, writ dism.; Pure Foods Products v. Gibson, Tex.Civ. App., 118 S.W.2d 925, writ dism., 17 Tex. Jur., p. 371, sec. 126; 41 Tex.Jur., pgs. 901,

931, secs. 141, 161. Moreover, the circumstances surrounding the death are undisputed in the record which clearly establishes the nature of the work in which the deceased had been engaged to be the only basis of the doctor's opinion. Appellant's fifth point is overruled.

■ In connection with the 6th and 7th assignments of error, it is noted that the appellees, pleading alternatively, alleged that should it be shown that the deceased had pre-existing bodily infirmities, that the same were aggravated, accelerated and lighted up by the injury as first alleged, all of which naturally resulted in the death of the deceased. In its charge the trial court defined "injury" as "is meant damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom, or the lighting up, acceleration or aggravation of any disease previously existing, by reason of such damage or harm to the physical structure of the body."

By its 6th point the appellant contends that there was no evidence of any pre-existing condition.

The trial court further defined "natural result" as "is meant that result produced by an injury, if any, by itself or in connection with another cause or causes in a natural and continuous sequence and which result would not have occurred but for such injury, if any."

By its 7th point the appellant says that the trial court erred in including in this definition of the term "natural result" the phrase "or in connection with another cause or causes" because there was no evidence of any cause other than the alleged injury.

In grouping the 6th and 7th points, as has appellant in its brief, we note that the arguments thereunder are directly in conflict with appellant's argument under its first four points wherein it complains of the insufficiency of the evidence to establish a compensable injury or that death was a nat-

ural result thereof. There it forcibly contends that the testimony of Dr. Devine tended strongly to establish that death was due solely to the pre-existing disease of coronary thrombosis. We are of the opinion that such inference was deducible to the extent of our conclusions under those four points. As above stated, Dr. Devine testified that ordinarily a heart attack did not occur as a result of over-exertion in the absence of some pre-existing disease or abnormality, and that attacks of indigestion shortly prior to death could be considered as evidencing a pre-existing condition of coronary thrombosis. It does not appear that counsel for either litigant has considered the previous testimony of this witness on direct examination where he stated that had the deceased had less than a normal heart, or had had heart trouble prior to his death, that the physical exertion discussed herein would have more likely resulted in his death. We are of the opinion that the inferences to be drawn from this testimony were a proper basis for the definitions of which complaint is made, and the appellant's 6th and 7th points are accordingly overruled. Southern Underwriters v. Parker, Tex.Civ.App., 129 S.W.2d 738, ref. w. m.; Texas Employers Ins. Ass'n v. Wright, Tex.Civ.App., 118 S.W.2d 433, 442, ref. w. m.; Postal Mutual Indemnity Co. v. James, Tex.Civ.App., 154 S.W.2d 148, ref. w. m.; Safety Casualty Co. v. Walls, Tex.Civ.App., 117 S.W.2d 879, dism.; Traders & General Ins. Co. v. Davis, Tex.Civ.App., 147 S.W.2d 908, dism.; Strong v. Aetna Casualty & Surety Co., Tex.Civ.App., 170 S. W.2d 786, n. w. h.

■ In connection with appellant's 8th point of error, the trial court by its first issue in its charge inquired as to whether the deceased sustained an injury on or about November 13, 1955. The error assigned is that such issue is in the form of a general charge and did not confine appellees to the pleaded injury of excessive physical strain or over-exertion, thereby permitting the jury to engage in conjecture and surmise regarding whether or not an injury was in

fact sustained as alleged, and in support of such contention has submitted several authorities of vintage prior to the case of Southern Underwriters v. Boswell, 138 Tex. 255, 158 S.W.2d 280, wherein the Supreme Court resolved conflicts previously existing between the Courts of Civil Appeals on this point. The Boswell decision established that it is sufficient in such circumstances for the trial court to submit an issue as to whether the employee sustained an accidental injury to his body on the occasion in question, without the necessity of setting out the various injuries mentioned in the pleadings. Such is still the law. Texas Employers' Ins. Ass'n v. Talmadge, supra. Appellant's 8th point is accordingly overruled.

■ In connection with the appellant's 9th and last point, the appellant complains of the trial court's instruction to the jury that, "the injury, to be accidental need not result from external violence; it may be accidental if it results from excessive physical strain or over-exertion", and says that by failing to delete the phrase "the injury to be accidental need not result from external violence" was a comment by the court upon the weight of the evidence. We further construe appellant's argument under this point to be that by failing to delete such phrase, the trial court thereby placed undue emphasis and prominence on the latter part of the instruction referring to excessive physical strain or over-exertion. It is urged that by thus emphasizing the court conveyed its opinion to the jury that the alleged injury was in fact due to a physical strain or over-exertion.

We detect no vice in such instruction. It appears to be such as was reasonably anticipated to be within the purview of Rule 277, Texas Rules of Civil Procedure, upon its adoption. And see Stanaland v. Traders & General Ins. Co., 145 Tex. 105, 195 S.W.2d 118.

The judgment of the trial court is affirmed.