**MOUNTAIN STATES MUTUAL CASUAL-TY COMPANY, Appellant,**

v.

**Sylvia REDD, a feme sole, Appellee.**

**No. 7544.**

Court of Civil Appeals of Texas.

Amarillo.

Nov. 29, 1965.

Rehearing Denied Dec. 20, 1965.

322

Cade & Bowlin, Lubbock, for appellant.

Huff & Bowers, Lubbock, for appellee.

DENTON, Chief Justice.

This is a workmen's compensation case. Sylvia Redd, surviving widow of Raymond Redd, was awarded statutory death benefits under the Workmen's Compensation Act for the death of her husband. The jury found Redd received an accidental injury in the course of his employment with Mathis Irrigation Service on April 28, 1964. From a judgment, based on this jury verdict, Mountain States Mutual Casualty Company, the employer's insurance carrier, has perfected this appeal.

Raymond Redd, shop foreman for Mathis, had been employed by that concern since June of 1961. The company was in the business of overhauling and repairing irrigation motors. On the morning in question G. T. Reed, the manager of the Mathis Company, went by Redd's home and took him to work between 7:15 and 7:30 a. m. There is no testimony that Redd was experiencing any physical difficulties or abnormalities prior to the time he went to work. Mr. Reed, the only other person on the premises when Redd became ill, testified to the events leading up to the time he called Redd's wife and had an ambulance summoned. Redd was in the process of mounting a generator bracket on the irrigation motor when Mr. Reed noticed that Redd "wasn't getting along too well." He explained that Redd "in that particular case that morning he did have some trouble getting the bolts lined up." In reply to a question as to what called his attention to Redd's difficulty with the motor Reed testified: "Well, because I heard him make some remarks about it not going on just right, is one thing." He further testified that a person would exert himself in performing the work Redd was doing at the time. This incident occurred "just a few minutes" after Redd started work that morning. Shortly thereafter, Reed had an indication that Redd was not rational when he referred to a certain kind of pulley that went on the clutch shaft. According to Reed it was common knowledge in the trade that a "flange" was placed on the clutch

shaft rather than a "pulley" and that Redd, an experienced mechanic, knew the difference. He then noticed Redd could not pronounce the name of Warren Mathis, the owner of the business. This disturbed Reed and he then called Mrs. Redd and informed her of her husband's condition. When Mr. Reed returned to the working area he found that Redd had left the motor and had gone to the restroom. He had one shoe off and was "clinging at his trousers this way with his hands" and was vomiting. Redd died in the hospital twenty days later.

The attending physician testified the cause of death was due to intracerebral and subarachnoid hemorrhage secondary to ruptured berry aneurysm. While the doctor testified no particular amount of exertion was required to cause the cerebral hemorrhage; he positively testified that it was his opinion that there was a relationship between Redd's work and the hemorrhage and that his work was a producing cause of the hemorrhage and death. There was no medical testimony to the contrary offered.

The principle question is whether or not Redd received an accidental injury in the course of his employment. Appellant's points of error contend there is no evidence and insufficient evidence to support the trial court's judgment. In passing upon these points we are governed by the rule laid down in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

It is well settled that a workman can recover compensation benefits if a job incident contributes to cause his incapacity or death. Texas Indemnity Ins. Co. v. Staggs, 134 Tex. 318, 134 S.W.2d 1026. It is also settled that compensation benefits are recoverable if the workman as a result of exertion or a strain on the job sustains hemorrhage, ruptures, or heart attacks notwithstanding the fact predisposing factors contributed to the incapacity or death. United States Fidelity & Guaranty Co. v. Herzik (Tex.Civ.App.), 359 S.W.2d 914 (Refused, NRE); Traders & General Ins.

Co. v. Rooth (Tex.Civ.App.), 268 S.W.2d 539; Traders & General Ins. Co. v. McDaniel (Tex.Civ.App.), 305 S.W.2d 659; Texas Employers' Ins. Ass'n v. McGrady, (Tex.Civ.App.), 296 S.W. 920 (Writ Dismissed).

It is uncontradicted that Redd suffered the cerebral hemorrhage on his employer's premises while in the course of his employment. The question of whether the hemorrhage which caused his death was precipitated by a strain or exertion by the work being performed by Redd was a question of fact, and it was answered favorably to the claimant by the jury. A similar question was before the court in Texas Employers' Ins. Ass'n v. McGrady (Supra). In discussing this question the court used the following language:

"If a rupture results from lifting a heavy weight by a healthy person, it is because the exertion is too great for one in that physical condition. The legal principle is the same if the rupture results from lifting a lighter weight by a person of less strength, whether the reduced strength is the result of natural or diseased conditions. Whatever the physical condition of the individual may be, if it is such that it requires some physical exertion or strain to cause the rupture the injury may properly be classed as an accidental one."

The testimony of G. T. Reed that Redd was not getting along too well while working on the motor; that he was having trouble getting the bolts lined up; and that the work being performed by Redd required physical exertion, together with the medical testimony was sufficient to show the causal connection between the work he was performing and his death which resulted from the hemorrhage. It has been held strain or exertion sustained by the employee in the course of his employment is regarded as an accidental injury. Midwestern Ins. Co. v. Wagner (Tex.Civ.App.), 370 S.W.2d 779

(Refused, NRE); Carter v. Travelers Ins. Co., 132 Tex. 288, 120 S.W.2d 581.

 The evidence supports the jury finding that Redd's death resulted from an accidental personal injury sustained in the course of his employment and that the jury verdict was not so contrary to the great weight and preponderance of the evidence as to be clearly wrong.

All of appellant's points of error have been considered, and it is our conclusion that they present no reversible error. The judgment of the trial court is affirmed.