Charistine B. O'DELL et al., Appellants,

v.

The HOME INDEMNITY COMPANY, Appellee.

No. 7987.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 1, 1969.

Rehearing Denied Jan. 5, 1970.

James R. Edwards & Associates and Carson Smith, Lubbock, for appellants.

Culton, Morgan Britain & White and Richard L. Cazzell, Amarillo, for appellee.

JOY, Justice.

Suit for death benefits under the Workmen's Compensation Act. From judgment granting defendant's motion for instructed verdict, plaintiffs have appealed.

Taylor O'Dell was employed by the G & G Machine Works of Borger, Texas as an industrial oilfield mechanic. On February 4, 1966, the day of his death, O'Dell had reported to work at 7:00 A.M. as was customary and worked until noon when he went home for lunch. Shortly after lunch he proceeded to Groom, Texas to see Dr. Whitt in regard to a hemorrhoid condition that he had been suffering from for some time. During the course of the examination, Dr. Whitt discovered what he termed definite irregularities in the heart, and advised O'Dell to go immediately to a hospital for a complete examination. O'Dell refused to follow the doctor's advice. Neither Dr. Whitt nor O'Dell had any knowledge of any prior heart disease or irregularity. O'Dell then returned to Borger and reported back to work at about 4:00 P.M. Approximately 6:30 P.M. he proceeded to his home, and shortly after the evening meal he suffered the fatal heart attack.

On June 14, 1967, one year, four months and ten days later, Christine O'Dell, the surviving wife, filed a claim with the Industrial Accident Board. From the final decision of the Board, plaintiffs perfected their appeal to the District Court of Hutchinson County, Texas. Upon motion by the defendant the District Court granted a partial summary judgment against the plaintiff, Christine O'Dell, in her individual capacity because of the late filing of the claim. The case then proceeded to trial on its merits upon the surviving minors' claim of 50% statutory interest in the death claim. After plaintiffs had rested their case, the defendant filed its motion for an instructed verdict which was granted by the court.

Appellants urge three points of error in this appeal. The first two points contend that there was sufficient evidence of probative force to show a causal connection between the death of the

decedent and his employment so as to entitle his heirs to the death benefits under the Workmen's Compensation Act and that the trial court erred in granting defendant's motion for instructed verdict. In order to recover benefits under the Texas Workmen's Compensation Act, the injuries must be sustained in the course and scope of the employment of the insured employee. Art. 8306, Sec. 3b, Vernon's Ann.Civ.St. A heart attack caused by a strain or overexertion is an accidental injury to the physical structure of the body within the meaning of the Workmen's Compensation Act. Midwestern Insurance Co. v. Wagner, 370 S.W.2d 779 (Tex.Civ.App., refused, n. r. e.). A predisposing bodily infirmity such as diseased arteries or high blood pressure will not preclude or reduce compensation benefits if the ultimate incapacity is contributorily caused by an accident arising out of the employment. Texas Indemnity Ins. Co. v. Staggs, 134 Tex. 318, 134 S.W. 2d 1026. But in order to show a compensable injury of this nature, strain or overexertion may not be presumed. It must be clearly shown by the evidence. Bean v. Hardware Mutual Casualty Co., 349 S.W. 2d 284 (Tex.Civ.App., refused, n. r. e.).

█ The burden of proving strain or overexertion is not a difficult one. Evidence of some type of strain or overexertion which occurred in the course and scope of employment and testimony by a doctor that the heart attack was probably the result of the strain or overexertion are usually sufficient. Pan American Fire & Casualty Co. v. Reed, 436 S.W.2d 561 (Tex.Civ.App., refused, n. r. e.). See also Standard Fire Insurance Co. v. Sullivan, Tex.Civ.App., 448 S.W.2d 256, issued by this Court on November 3, 1969. Conversely, where there is no probative evidence that the work being performed by the deceased was strenuous or required overexertion, and that there was some causal connection between same and the fatal heart attack, recovery has been denied. Monks v. Universal Underwriters Ins. Co., 425 S.W.2d 431 (Tex.Civ.App. refused, n. r. e.).

█ While the evidence presented here indicated that the work performed by the deceased was normally strenuous, plaintiff produced no evidence that O'Dell's heart attack was related to or occasioned by any unusual strain or overexertion in O'Dell's work. Evidence that the work performed by the deceased was strenuous, standing alone, is not sufficient. There must be a showing that the deceased experienced strain or overexertion and further that there was a causal connection between the strain or overexertion and the injury complained of, being the fatal heart attack in this instance. Here there was no evidence that O'Dell had performed any unusually strenuous work on the day of his death. Nor was there any evidence that O'Dell had experienced any strain or overexertion in the past which may have contributed to his heart attack. Plaintiff's doctor testified that he could find no cause of death attributable to the deceased's work. Appellants' points one and two are overruled.

Appellant by its third point complains of the action of the trial court in granting the partial summary judgment against Christine O'Dell in her individual capacity because of the late filing of her claim. By our holding as above, it is unnecessary that we pass upon this point.

Finding no reversible error we affirm the judgment of the trial court.

Affirmed.