**BISCAYNE TEXAS PROPERTIES, a corporation, and Otis Elevator Company, a corporation, Appellants,**

**v.**

**Romelia MINER, Appellee.**

**No. 6324.**

Court of Civil Appeals of Texas, El Paso.

Oct. 31, 1973.

Rehearing Denied Dec. 12, 1973.

Scott, Hulse, Marshall & Feuille, James L. Gallagher, El Paso, Kemp, Smith, White, Duncan & Hammond, William Duncan, El Paso, for appellants.

Peticolas, Luscombe, Stephens & Windle, John B. Luscombe, Jr., El Paso, for appellee.

OPINION

PRESLAR, Chief Justice.

This is an appeal from a judgment in favor of the Plaintiff-Appellee, Mrs. Romelia Miner, against the Appellants, Biscayne Texas Properties and Otis Elevator Company, jointly and severally. Plaintiff sued in the trial Court for personal injuries suffered by her when Biscayne's building maintenance man attempted to help her from an elevator which had stalled between floors. The elevator was owned by Biscayne and maintained under a service contract by Otis. At the trial, the jury found that Defendant, Otis, was negligent in failing to respond to the emergency within a reasonable time. Defendant, Biscayne, was found negligent in failing to provide Plaintiff with a safe means of exit, and in failing to wait for Otis' repairman. Judgment was entered on the jury's verdict that Appellee recover $34,500.00 from Appellants. We reverse and render as to Appellant, Otis Elevator Company, and reform and affirm as to Appellant, Biscayne Texas Properties.

By its Points of Error Nos. I through X, Otis contends that there is "no evidence" to support the jury's finding that Otis was negligent. In determining "no evidence" points of error, the appellate Court must view the evidence in the light most favorable in support of the jury's finding. Biggers v. Continental Bus System, Inc., 157 Tex. 351, 298 S.W.2d 79, 303 S.W.2d 359 (1957). And, if there is any evidence of probative force to support the jury's finding, such finding must be upheld. Traders & General Ins. Co. v. Rooth, 268 S.W.2d 539 (Tex.Civ.App.— Waco 1954, writ ref'd n. r. e.). However, if the evidence offered is so weak that reasonable minds cannot differ from the conclusion that it lacks any probative force, the finding cannot be upheld and the point must be sustained. Woods v. Townsend, 144 Tex. 594, 192 S.W.2d 884 (1946).

■ The single point of negligence of which Otis was found guilty is by Issue No. 4, by which the jury found that it "failed to respond to the call from the defendant Biscayne Texas Properties, Inc. within such time as a reasonably prudent elevator company in the exercise of a high degree of care would have responded." The evidence offered on this issue was that the Otis office manager received a call at approximately 4:50 P.M., reporting a stalled elevator at the Southwest Center Building. Thereupon, he notified the answering service used by Otis to page Otis' three service employees. Approximately ten minutes later, having received no return call from any of the service employees, he called their homes and left word for them to call the office. While it is true that the page was not promptly answered, there is no evidence to indicate that Otis was negligent in using this particular means of contacting its employees. At approximately 5:10 P.M., one of Otis' service men returned the call and left immediately for the Southwest Center Building, but because of the five o'clock traffic he did not arrive there until about 5:45 P.M. The jury's answer is that that which was done was not within such time as a reasonably prudent elevator company would have done. Yet, there is no evidence as to what a reasonably prudent elevator company would do in the exercise of its high degree of care in a situation such as this. In other words, the jury is asked to mirror the conduct of Otis against that of a reasonably prudent elevator company with no evidence as to what that standard or norm was. In the absence of such evidence, the finding is meaningless as being a violation of a standard of care when such standard was never placed in evidence. We sustain Otis' points of error on this issue and find it unnecessary to reach its other points of error. There being no other acts of negligence found against Otis, the judgment as to it is reversed.

■ Appellant, Biscayne Texas Properties, contends that there is no evidence to support the jury finding to Issue No. 1 by which it was found that it "failed to provide the plaintiff with a safe means of exit from the elevator." We sustain this point of error because, like the Otis issue above discussed, there is no evidence as to what the norm or standard of care was.

■ By Issue No. 14, the jury found that the failure of Biscayne's employee, Hernandez, to wait for the Otis maintenance man before removing Plaintiff from the elevator was a failure to exercise a high degree of care, as defined by the Court. Biscayne contends that there is no evidence to support this finding, but we are of the opinion that there is sufficient evidence of probative force as we must view the evidence under the above announced rules. Biscayne's building maintenance man, Manuel Hernandez, testified that about 4:45 P.M. he heard the elevator's emergency bell and he went to his office to check out the trouble. When he arrived he was told that the elevator with a passenger aboard had stalled and that Otis had been called to repair it. After waiting about twenty minutes, Mr. Hernandez made a second call to Otis and was informed that someone was on the way to the building. After making this call, Hernandez made his way up to the 11th floor and located the elevator with Mrs. Miner trapped inside. He talked with Mrs. Miner through the closed doors and instructed her in detail how to use her car keys to pry open the inner door and then to grasp the knobs on the outer door and open it. Mrs. Miner was begging him to help her from the elevator and he instructed her to sit on the floor and jump and he would catch her. She expressed fear of breaking a leg but attempted to follow his instructions, and in some manner he failed to catch her. Her hands slipped from his shoulders, and she fell to the floor with a jolt. Mrs. Miner testified that when she hit the floor she felt something snap in her neck and back. We view the evidence as sufficient to support the jury finding as negligence on the part of Biscayne because the record

is replete with evidence that Biscayne's employees were not to attempt to handle stalled elevators but were in each instance to wait for Otis, and the evidence is that it is dangerous for laymen or employees untrained in such matters to handle elevators —that the Otis employees were experts in elevator maintenance. This, don't do it yourself but wait for the experts, made elevator use safer for users such as Plaintiff. It created a duty on Biscayne, flowing to Plaintiff as a safety factor, and violation of that duty, the failure to wait for the expert, is established by the evidence.

■ Biscayne pleaded the defense of "volenti non fit injuria," which was submitted to the jury by Issue No. 11, which reads: "Do you find from a preponderance of the evidence that plaintiff knew and appreciated any danger of injury in moving from a seated position in the elevator floor to the hallway?" The jury answered "No" to this issue and Biscayne's position on appeal is that the evidence conclusively establishes as a matter of law that the Plaintiff did know and appreciate the danger. We are of the opinion that Biscayne has failed to complete its volenti defense. Before this affirmative defense can be applied, it must appear that: (1) the plaintiff had knowledge of facts constituting a dangerous condition or activity, (2) he knew the condition or activity was dangerous, (3) he appreciated the extent of the danger, and (4) he voluntarily exposed himself to the danger. J. & W. Corporation v. Ball, 414 S.W.2d 143 (Tex.Sup. 1967). We consider the element of voluntary exposure to the danger as not being established as a matter of law by the evidence in this case. There can be no doubt that Plaintiff, Mrs. Miner, knew and appreciated the danger because she said that she was afraid to jump for fear she might break a leg, and her movement from the elevator was voluntary—she elected to make the move. But, such voluntary action was not of her free choice, for she had a fear of remaining in the stalled elevator. She was at the time stalled between the 11th and 12th floors, had been trapped there for a full hour, was in near hysterics, and said she remembered an instance where an elevator in the Caples Building had fallen and broke the operator's back, and "I didn't want that to happen to me." Mrs. Miner's conduct was controlled by her fears—the fear of staying and the fear of moving. Can it be said that her act of moving was voluntary when the fear of staying was obviously greater? We are of the opinion that such a state of facts does not establish voluntary conduct as a matter of law. At best, a fact question is presented as to whether of her own free will and as a result of an intelligent choice she voluntarily exposed herself to the danger. Sinclair Refining Company v. Winder, 340 S.W.2d 503 (Tex.Civ.App.—Waco 1960, writ ref'd). The point of error is overruled.

■ Appellant, Biscayne, assigns error as to the amount of damages. As to past medical expenses, Appellee-Plaintiff pleaded $1,000.00, and the jury award and judgment was for $1,500.00. $2,000.00 was pleaded as future medical expenses, and the award was for $3,000.00. A judgment must conform to the pleadings. Rule 301, Texas Rules of Civil Procedure. A judgment for money damages in excess of the amount pleaded cannot be supported and should be reformed. Socony-Vacuum Oil Co., Inc. v. Aderhold, 150 Tex. 292, 240 S.W.2d 751 (1951). The judgment before us will be reduced by the sum of the excess, $1,500.00. We have examined the record in detail as to Appellant Biscayne's other contentions as to damages, and we are of the opinion that they do not present error.

The judgment as to Otis Elevator Company is reversed and judgment is here rendered that Appellee take nothing as to it. The judgment as to Biscayne Texas Properties is reformed by reducing same by the amount of $1,500.00, and as so reformed is affirmed.