**Terrica BARNES as Next Friend of Kainan Cooper, Appellant**

v.

**UNITED PARCEL SERVICE, INC., Appellee.**

**No. 01–09–00648–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 12, 2012.

Gabe Thomas Vick III, Michael E. Pierce, Arnold & Itkin, LLP, Houston, TX, for Appellant.

David E. Brothers, Brothers, Sepulveda & Alvarado, P.C., H. Victor Thomas, King and Spalding LLP, Houston, TX, for Appellee.

## OPINION ON REHEARING

MICHAEL MASSENGALE, Justice.

Appellee United Parcel Services, Inc. filed a motion for rehearing of our opinion issued on June 23, 2011. Appellant Terrica Barnes filed a response. We grant rehearing and withdraw our opinion and judgment of June 23, 2011, issuing the following in their stead. *See* TEX.R.APP. P. 19.1(b). Our disposition of the appeal remains unchanged.

Nathaniel Cooper suffered a heart attack and died on the job while employed by United Parcel Services, Inc. A workers' compensation claim was filed by Cooper's fiancée, Terrica Barnes, on behalf of their son, Kainan. After Cooper's injury was determined to be not compensable for purposes of workers' compensation, Barnes filed suit against UPS, alleging gross negligence. UPS contends that the claim is barred by res judicata and collateral estoppel, and the trial court granted summary judgment against Barnes on those grounds. Because we conclude that the issues decided by the Department of Workers' Compensation are not identical to those presented in this action for gross negligence, we reverse and remand for further proceedings.

### Background

Nathaniel Cooper was diagnosed at a young age with a congenital heart block. He underwent numerous heart surgeries and had four pacemakers. He also suffered permanent heart damage from malfunctioning pacing wires.

Cooper was employed by UPS as a supervisor. He worked in an un-air-conditioned warehouse in Houston and had been placed on light duty because of his heart condition and a recent cardiac event. On June 3, 2005, Cooper complained of feeling dizzy and collapsed. He suffered a heart attack and was later pronounced dead. The medical examiner determined that he died from heart complications.

Terrica Barnes, Cooper's fiancée and mother of his infant son, filed a claim under the Texas Workers' Compensation Act as next friend of the child. The hearing officer denied the claim, finding that Cooper's "work was not a substantial contributing factor to the June 3, 2005 cardiac arrest but rather it was the natural progression of a preexisting heart condition" that caused his death. The officer ultimately held that Cooper's heart attack was not a compensable injury under the Act. Barnes did not appeal, and the decision concerning workers' compensation benefits became final. She then filed a wrongful death lawsuit, alleging that UPS was grossly negligent in its failures to install an appropriate ventilation system and to implement adequate procedures to protect employees from exposure to high temperatures.

UPS filed a motion for summary judgment arguing that collateral estoppel and res judicata preclude litigation of the gross negligence claim. It argued that the issue of whether Cooper's working conditions caused his heart attack had already been litigated before the Department of Workers' Compensation and that Barnes's gross negligence claim was barred because it was based on the same facts that had been determined during the DWC hearing. Barnes argued that her claim was not barred because the Texas Constitution and section 408.001(b) of the Texas Labor Code protect the right of an heir or surviving spouse to recover exemplary damages for the death of an employee whose death is caused by the employer's gross negligence. She further argued that collateral estoppel did not apply because the DWC decision involved different questions of fact and law from those at issue in this lawsuit.

The trial court granted the motion for summary judgment, and Barnes filed this appeal. On appeal, Barnes contends that the DWC's prior compensability determination has no impact on her ability to assert a separate claim against UPS for gross negligence. She asserts that there is no relevant precedent to support the proposition that the principles of res judicata and collateral estoppel apply to decisions by the DWC. And she argues that even if they do apply generally, they are not applicable in this case because the facts at issue here are different from those previously litigated.

## Analysis

### I. Standard of review

■ We review a trial court's decision to grant a motion for summary judgment de novo. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005). Under the traditional summary-judgment standard the movant has the burden of showing that no genuine issue of material fact exists and that it is therefore entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548 (Tex.1985). A defendant moving for summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true and every reasonable inference must be indulged in favor of the nonmovant. *Nixon,* 690 S.W.2d at 548–49. Any doubts are resolved in the nonmovant's favor. *Id.*

### II. Workers' compensation claim

In its motion for summary judgment, UPS argued that it was entitled to summary judgment on the basis of res judicata and collateral estoppel, because the DWC non-compensability determination has preclusive effect in this lawsuit.

■ The Texas Workers' Compensation Act provides the exclusive remedy and means of recovery for a covered employee who is killed or injured while working for his employer. TEX. LAB.CODE ANN. § 408.001 (West 2006). It does not, however, bar an action for exemplary damages based on the employer's intentional tort or gross negligence. *Smith v. Atlantic Richfield Co.,* 927 S.W.2d 85, 87 (Tex.App.-Houston [1st Dist.] 1996, writ denied). The Act "does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by ... the employer's gross negligence." TEX. LAB.CODE ANN. § 408.001(b).[1]

■ Ordinarily, a claimant is entitled to benefits if he demonstrates that he sustained a compensable injury. A compensable injury is one "that arises out of and in the course and scope of employment for which compensation is payable" under the Act. *Id.* § 401.011(10) (West Supp.2011).[2]

---

1. This section gives effect to article XVI, section 26 of the Texas Constitution, which provides that:

 Every person, corporation, or company, that may commit a homicide, through ... gross neglect, shall be responsible in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be.... 
 TEX. CONST. art. XVI, § 26.

2. " 'Injury' means damage or harm to the physical structure of the body and a disease or infection naturally resulting from the damage or harm. The term includes an occupa-

A claimant must provide evidence of a "sufficient causal nexus between the workplace accident" and the claimant's injury in order to receive benefits. *Flores v. Emps. Retirement Sys.*, 74 S.W.3d 532, 549 (Tex. App.-Austin 2002, pet. denied). Determining whether an injury is compensable involves a two-pronged test of whether the injury (1) occurred in the course and scope of employment and (2) arose from employment. *State Office of Risk Mgmt. v. Martinez*, 300 S.W.3d 9, 12 n. 6 (Tex.App.-San Antonio 2009, pet. denied). An injury "arises out of" employment if the employee's work or working conditions are shown to be a producing cause of injury. *See Transcon. Ins. Co. v. Crump*, 330 S.W.3d 211, 221 & n. 5 (Tex.2010) (citing *Travelers' Ins. Co. v. Peters*, 14 S.W.2d 1007, 1008 (Tex. Comm'n App.1929, holding approved), *vacated on other grounds*, 17 S.W.2d 457 (Tex. Comm'n App.1929)). "Producing cause" is "defined as a substantial factor in bringing about an injury or death, and without which the injury or death would not have occurred." *Id.* at 223.

To be compensable a workplace injury must be a producing cause of impairment, disability, illness, or death, but it need not be the sole or primary cause. *See INA of Tex. v. Howeth*, 755 S.W.2d 534 (Tex.App.-Houston [1st Dist.] 1988, no writ); *Flores*, 74 S.W.3d at 549. There may be more than one producing cause of an injury, incapacity, or death in a typical workers' compensation case, even when the claimant suffers from a pre-existing condition. *Marts v. Transp. Ins. Co.*, 111 S.W.3d 699, 703 (Tex.App.-Fort Worth 2003, pet. denied); *Tex. Workers' Comp.*

tional disease." TEX. LAB.CODE ANN. § 401.011(26) (West Supp.2011). The "naturally resulting from" language encompasses the "producing cause" standard. *Flores v. Emps. Retirement Sys. of Texas*, 74 S.W.3d

*Ins. Fund v. Simon*, 980 S.W.2d 730, 736 (Tex.App.-San Antonio 1998, no pet.); *Nat'l Farmers Union Prop. & Cas. Co. v. Degollado*, 844 S.W.2d 892, 897 (Tex.App.-Austin 1993, writ denied); *Tex. Employers' Ins. Ass'n v. Charles*, 381 S.W.2d 664, 668 (Tex.Civ.App.-Texarkana 1964, writ ref'd n.r.e.); *see also Flores*, 74 S.W.3d at 549. If a claimant establishes that his work was a producing cause of his injury, he has satisfied his burden of proof on the causation issue and is entitled to receive benefits, unless the insurer establishes a defense to liability. *See* TEX. LAB.CODE ANN. §§ 406.031, 410.303 (West 2006); *Degollado*, 844 S.W.2d at 896–97.

When an employee dies as a result of a heart attack, however, compensability is determined under section 408.008. It is not sufficient for a claimant to establish merely that his injury arose out of and in the course and scope of employment. Rather, the complainant must prove that:

(1) the attack can be identified as:
 (A) occurring at a definite time and place; and
 (B) caused by a specific event occurring in the course and scope of the employee's employment;

(2) the preponderance of the medical evidence regarding the attack indicates that the employee's work rather than the natural progression of a preexisting heart condition or disease was a substantial contributing factor of the attack; and

(3) the attack was not triggered solely by emotional or mental stress factors, unless it was precipitated by a sudden stimulus.

532, 549 (Tex.App.-Austin 2002, pet. denied) (citing *Tex. Indem. Ins. Co. v. Staggs*, 134 Tex. 318, 134 S.W.2d 1026, 1028–29 (Tex. Comm'n App.1940)).

TEX. LAB.CODE ANN. § 408.008 (West 2006). Under this statute a heart attack may be compensable even if the employee suffers from a pre-existing heart condition. But a heart attack is only compensable when the preponderance of the medical evidence establishes that the work-related conditions, in comparison to the other factors leading to the claimant's heart attack, outweigh the pre-existing heart condition as a producing cause. *See* TEX. LAB.CODE ANN. § 408.008(2); *see also Transco. Ins. Co. v. Smith,* 135 S.W.3d 831, 837 (Tex.App.-San Antonio 2004, no pet.) (holding that work-related conditions must be greater factor); Div. Workers' Comp., Appeal No. 92115, 1992 WL 12567118, at *5 (1992). In deciding whether a heart attack is compensable, the hearing officer must compare or weigh the conditions leading to the incident, including the conditions of employment and the pre-existing medical condition of the employee. *See* Div. Workers' Comp., Appeal No. 031786, 2003 WL 22378848, at *1 (Aug. 20, 2003). Additionally, it is not sufficient for an employee's work to have been merely a contributing factor or a producing cause; instead, the work must have been a "substantial contributing factor of" the heart attack. *Smith,* 135 S.W.3d at 836; *See* Div. Workers' Comp., Appeal No. 91009, 1991 WL 335020, at *6 (Sept. 4, 1991). Both the DWC, the agency charged with determining compensability in the first instance, and the Fourth Court of Appeals have interpreted the substantial-contributing-factor requirement to mean that the employee's work, "rather than" the natural progression of any underlying heart condition or disease, must be the greater factor. Div. Workers' Comp., Appeal No. 031786, at *1; Div. Workers' Comp., Appeal No. 91009, at *5; *see also Smith,* 135 S.W.3d at 837.

In this case, the DWC hearing officer reviewed all of the medical data and other evidence submitted by the parties and concluded that Cooper did not sustain a compensable heart attack. Based on the medical evidence in the autopsy report and in the reports submitted by two physicians who reviewed Cooper's case, the hearing officer found that "although the heat at work was speculated to be a possible factor," he could not conclude that the conditions at work were a "substantial contributing factor" causing Cooper's death under section 408.008. In his conclusions of law, the hearing officer stated that "Cooper's work was not a substantial contributing factor to the June 3, 2005 cardiac arrest but rather it was the natural progression of a preexisting heart condition." The hearing officer ultimately concluded that Cooper's heart attack was not a compensable injury because his work was not a substantial contributing factor.

Based on the hearing officer's compensability determination, UPS argued in its summary-judgment motion that Barnes's gross negligence claim was precluded by the prior finding. Specifically, UPS asserted that Barnes's gross negligence claim was collaterally estopped because the issue of whether "UPS caused Mr. Cooper's death" had previously been litigated before and determined by the DWC. UPS also argued that all of the elements of res judicata were present and that Barnes's gross negligence claim was barred because of the adverse finding on the causation issue. Barnes argues on appeal that res judicata does not apply to this claim because the right of a surviving heir to seek exemplary damages against a grossly negligent employer is protected by the Texas Constitution and by statute. She further contends that collateral estoppel does not apply because her burden of causation at the DWC hearing was higher than it is for her gross negligence claim.

## A. Res judicata

 Res judicata is a generic term for the related concepts of claim preclusion (res judicata) and issue preclusion (collateral estoppel), and it must be pleaded as an affirmative defense. TEX.R. CIV. P. 94; *see Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex.1992). Res judicata prevents the re-litigation of a claim or cause of action that has been finally adjudicated in a prior lawsuit. *Barr*, 837 S.W.2d at 628; *Smith v. Brown*, 51 S.W.3d 376, 379 (Tex.App.-Houston [1st Dist.] 2001, pet. denied). For res judicata to apply, the defendant must show that: (1) there is a prior final judgment on the merits by a court of competent jurisdiction; (2) the parties in the second action are the same or in privity with those in the first action; and (3) the second action is based on claims that were or could have been raised in the first action. *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 86 (Tex.2008); *Dardari v. Tex. Commerce Bank Nat'l Ass'n*, 961 S.W.2d 466, 470 (Tex.App.-Houston [1st Dist.] 1997, no pet.). Res judicata does not operate as a bar to litigation when the second claim could not be raised in the previous litigation. *See Abbott Labs. v. Gravis*, 470 S.W.2d 639, 642 (Tex.1971); *Voskamp v. Arnoldy*, 749 S.W.2d 113, 126 (Tex.App.-Houston [1st Dist.] 1987, writ denied).

 UPS contends that the trial court correctly granted summary judgment on res judicata grounds. To support its position, UPS relies on *Igal v. Brightstar Information Technology Group, Inc.*, 250 S.W.3d 78 (Tex.2008). In *Igal*, the Texas Supreme Court considered for the first time whether res judicata should be applied to final decisions by the Texas Workforce Commission. *Igal*, 250 S.W.3d at 86. Ultimately, the Court concluded

that a final administrative order has preclusive effect in a subsequent lawsuit when a claimant under the Payday Law elected to utilize the administrative process rather than exercise a right of relief under the common law. *Id.* at 88. But the reasoning in *Igal* does not dictate the outcome in this case because the gross negligence action is not a claim that could have been raised in the DWC proceeding.[3] For an employee covered by workers' compensation insurance, the Act provides the exclusive remedy for recovery of benefits for the death of the employee, except to the extent exemplary damages may be recovered by the surviving spouse or heirs of the body of a deceased employee whose death was caused by the employer's intentional act or omission or the employer's gross negligence. *See* TEX. LAB.CODE ANN. § 408.001. A claim by the surviving spouse or heirs of a deceased employee for exemplary damages based on the employer's gross negligence cannot be remedied through the administrative process established by the Act. *See id.* A claim for exemplary damages may only be pursued in a subsequent lawsuit. *See Wright v. Gifford–Hill & Co.*, 725 S.W.2d 712, 713–14 (Tex.1987).

UPS further contends that because Barnes's second lawsuit involves the same set of facts as those addressed in the DWC proceeding, the trial court correctly concluded that the doctrine of claim preclusion bars her gross negligence claim. As discussed above, the issue to be determined by the DWC in a heart attack compensability case was whether the preponderance of the medical evidence indicates that the employee's work rather than the natural progression of a preexisting heart condition or disease was a substantial con-

---

**3.** Under the Payday Law, a claimant may choose between two alternative remedial courses—a common law remedy or a statuto-ry remedy. *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 87 (Tex.2008). The statutory right of action is cumulative. *Id.*

tributing factor. The issue to be determined for the gross negligence claim is whether UPS's conduct involved an extreme degree of risk and whether it was aware of or acted with conscious indifference to that risk. *See Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 23 (Tex.1994). Although the issues in this lawsuit do involve the same set of facts, Barnes could not raise her gross negligence claim before the DWC, and therefore her claim was not precluded in the subsequent suit. Accordingly, we hold that the trial court erred in granting summary judgment on claim preclusion grounds.

## B. Collateral estoppel

The doctrine of collateral estoppel, also known as issue preclusion, "precludes relitigation of ultimate issues of fact actually litigated and essential to the judgment in a prior suit." *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 801 (Tex.1992). *See also Barr*, 837 S.W.2d at 628; *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984); Restatement (Second) of Judgments § 27 (1982) ("When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."). "The doctrine of collateral estoppel ... is designed to promote judicial efficiency, protect parties from multiple lawsuits, and prevent inconsistent judgments by precluding the relitigation of issues." *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex.1994) (citing *Lytle v. Household Mfg. Inc.*, 494 U.S. 545, 553, 110 S.Ct. 1331, 1337, 108 L.Ed.2d 504 (1990)). A party asserting the doctrine must prove that: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) the facts were essential to the judgment in the first action, and (3) the party against whom collateral estoppel is sought was a party in the first action. *Eagle Prop., Ltd. v. Scharbauer*, 807 S.W.2d 714, 721 (Tex.1990); *Houtex Ready Mix Concrete & Materials v. Eagle Const. & Envtl. Servs., L.P.*, 226 S.W.3d 514, 519 (Tex.App.-Houston [1st Dist.] 2006, no pet.). Collateral estoppel does not extend to an issue that was previously determined but unessential to a prior judgment. *See Bonniwell*, 663 S.W.2d at 818–19 (holding that collateral estoppel did not preclude relitigation of issue that was previously determined but unessential to prior judgment); *see also* 18 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4421 (2d ed. 1987) ("Issue preclusion attaches only to determinations that were necessary to support the judgment entered in the first action.... A jury's special verdict, for instance, may resolve matters of fact that are then found irrelevant to the controlling legal issues; in such circumstances the special verdict does not preclude the same matters of fact in later litigation.").

UPS argues that we should affirm the trial court's judgment because the facts sought to be litigated were fully and fairly litigated in the DWC hearing. UPS argues that the ultimate issue of whether Cooper's work caused his heart attack has already been decided. Conversely, Barnes argues that the DWC proceeding imposed a higher causation burden than that which is imposed in a gross negligence lawsuit and that the causation issue has not been fully and fairly litigated. The question, therefore, is whether the underlying causation issues decided by the hearing officer in the DWC compensability determination are identical to the causation issues to be decided in this lawsuit. *See Bonniwell*, 663 S.W.2d at 818. Both the DWC and the Fourth Court of Appeals have consid-

ered the meaning of "substantial contributing factor" within section 408.008, but we are unaware of any decision that has considered whether there is a meaningful distinction between the plaintiff's burden on the issue of causation under section 408.008 and the causation burden a plaintiff must satisfy in an ordinary claim for negligence or gross negligence. *See Smith,* 135 S.W.3d at 836–37.

■■■ At the DWC hearing, Barnes was required to prove that: (1) Cooper's heart attack occurred at a definite time and place and was caused by a specific event; (2) that his work rather than the natural progression of his preexisting condition was a substantial contributing factor of the attack; and (3) the attack was not triggered solely by emotional or mental stress factors. TEX. LAB.CODE ANN. § 408.008. The hearing officer determined that the attack occurred at work, at a definite time and place, and was not triggered solely by emotional or mental stress factors. The compensability of the heart attack therefore turned on the hearing officer's finding that Cooper's work was not a substantial contributing factor to his death. In making this determination, the hearing officer was required to evaluate and compare relative to other factors the extent to which Cooper's work conditions and his pre-existing heart condition contributed to his death. Div. Workers' Comp., Appeal No. 031786, at *1; Div. Workers' Comp., Appeal No. 941034, 1994 WL 541008, at *3 (Sept. 14, 1994); Div. Workers' Comp., Appeal No. 92115, at *5; Div. Workers' Comp., Appeal No. 91009, at * 5. In order for the hearing officer to find that Cooper's heart attack was a compensable injury, Barnes had to demonstrate by a preponderance of the medical evidence that Cooper's work, rather than his heart condition, was a greater factor. Div. Workers' Comp., Appeal No. 031786, at *1. The hearing officer stated that:

> The credible medical evidence ... is that the natural progression of a preexisting heart condition was the precipitating factor in [Cooper's heart attack], and that although the heat at work was speculated to be a possible factor, other factors could not be ruled out such that the hearing officer concludes that medically the conditions at work were not a substantial contributing factor....

The hearing officer thus recognized that the heat and working conditions may have played a role in causing Cooper's heart attack, but he could not conclude that the work was a substantial contributing factor and therefore held that Cooper's heart attack was not compensable.[4]

---

4. UPS's motion for rehearing asserts that the DWC hearing officer found as a factual matter that Cooper's work was not even a cause of his heart attack. Although UPS relies on several statements in the DWC decision, it focuses mainly on the officer's finding that "Nathaniel Cooper's work was not a substantial contributing factor to the June 3, 2005 cardiac arrest but rather it was the natural progression of a preexisting heart condition." UPS argues that given this determination, the comparative element of the causation standard under § 408.008 "never came into play," and the DWC officer made a causation finding that is not materially different than what the jury will have to make for a gross negligence claim. UPS thus contends that Barnes's claim is barred by collateral estoppel because the DWC officer made a fact determination negating the cause-in-fact element of a gross negligence claim. Even if UPS has correctly interpreted the DWC officer's fact finding, such a fact finding would not preclude litigation of the causation issue in a subsequent gross negligence suit because the finding was not essential to the DWC officer's decision. The hearing officer only had to decide whether the preponderance of medical evidence showed that work rather than the preexisting heart condition was the greater factor. *See* TEX LAB.CODE. ANN. § 408.008; Div. Workers' Comp., Appeal No. 031786, 2003 WL 22378848, at *1 (Aug. 20, 2003);

This lawsuit and the issues to be decided in this case are different from those decided by the DWC. Here, Barnes must prove by clear and convincing evidence that Cooper's death was proximately caused by UPS's gross negligence. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 41.001–003 (West 2008 & Supp.2011). Gross negligence is defined as a negligent act or omission: (1) "which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others"; and (2) "of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others." *Id.* § 41.001(11); *see also Moriel*, 879 S.W.2d at 23. A plaintiff may establish gross negligence by proving that an actor made a decision in the face of an extreme degree of risk to another and without regard to the consequences that resulted in harm to the other person. *Williams v. Steves Indus. Inc.*, 699 S.W.2d 570, 573 (Tex.1985); *Trevino v. Lightning Laydown, Inc.*, 782 S.W.2d 946, 949 (Tex.App.-Austin 1990, writ denied). In a gross negligence lawsuit, proof of proximate cause requires the plaintiff to show that the harm resulting from the defendant's act or omission was foreseeable and that the act or omission was a cause-in-fact of the plaintiff's injury. *See, e.g., Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 246 (Tex.2008). Cause-in-fact is established when the act or omission is a substantial factor in bringing about the harm and without which the harm would not have occurred.[5] *See id.* Because there can be more than one cause-in-fact, a plaintiff need only prove that the defendant's conduct was "a" cause of injury, not "the" cause or "the greater" cause. *See Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 784 (Tex.2001); *McClure v. Allied Stores of Tex., Inc.*, 608 S.W.2d 901, 903 (Tex.1980); *see also Price v. Divita*, 224 S.W.3d 331, 336–37 (Tex.App.Houston [1st Dist.] 2006, pet. denied).

In contrast, the causation burden imposed by section 408.008 and applied by the hearing officer requires the claimant to show, by a preponderance of the medical evidence, that work rather than the natural progression of a preexisting heart condition was a substantial contributing factor. Div. Workers' Comp., Appeal No. 941034, at *3. As such, a claimant's causation burden under section 408.008, to the extent there is a comparative element, is different from that of a plaintiff suing for gross negligence. *See id.* at *3; Div. Workers' Comp., Appeal No. 91009, at *5.

---

Div. Workers' Comp., Appeal No. 91009, 1991 WL 335020, at *5 (Sept. 4, 1991); *see also Transco. Ins. Co. v. Smith*, 135 S.W.3d 831, 837 (Tex.App.-San Antonio 2004, no pet.). Because this alleged determination relied upon by UPS was not essential to the DWC's ruling, it does not preclude litigation of whether Cooper's work was a cause-in-fact of his heart attack in the gross negligence suit. *See Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818–19 (Tex.1984).

5. Even though proximate cause also requires proof of foreseeability, we are only concerned with the cause-in-fact aspect of the definition of proximate cause because that was the only aspect of causation considered by the DWC. *See Transcon. Ins. Co. v. Crump*, 330 S.W.3d 211, 223 (Tex.2010) ("The element common to both proximate cause and producing cause is actual causation in fact. This requires proof that an act or omission was a substantial factor in bringing about injury which would not otherwise have occurred." (quoting *Prudential Ins. Co. v. Jefferson Assocs., Ltd.*, 896 S.W.2d 156, 161 (Tex.1995))). The DWC only considers whether the work conditions were a producing cause of injury, and the claimant need not demonstrate that the death or disability was proximately caused by the work-related injury. *Id.* at 221 n. 7.

The difference is even clearer when the causation burden under section 408.008 is compared with the standard for proving causation for other workers' compensation injuries. In *Transcontinental Insurance Company v. Crump*, 330 S.W.3d 211 (Tex. 2010), the Texas Supreme Court addressed the "producing cause" standard for proving causation in workers' compensation claims. 330 S.W.3d at 221; *see* TEX. LAB. CODE ANN. § 401.011(10). It held that producing cause is "defined as a substantial factor in bringing about an injury or death, and without which the injury or death would not have occurred." *Crump*, 330 S.W.3d at 223. Accordingly, a claimant's burden of proof on the issue of causation will ordinarily be the same before the DWC as it would be under a common law negligence or gross negligence claim.[6] With respect to heart attacks, however, the compensability determination requires a different and more difficult burden of proof. *See* TEX. LAB.CODE ANN. § 408.008; Div. Workers' Comp., Appeal No. 91009, at *5. In interpreting this provision, the DWC concluded that the legislature, by specifically providing for recovery in heart attack situations, intended to "set forth new and more demanding standards for compensability" when the alleged compensable injury is a heart attack. *See* Div. Workers' Comp., Appeal No. 91009, at *5. As observed by the DWC, the statutory language requires a comparison or weighing between the conditions leading to the heart attack. Div. Workers' Comp., Appeal No. 031786, at *1. The phrase "rather than the natural progression of a preexisting heart condition or disease" is not superfluous. Div. Workers' Comp., Appeal No. 92115, at *5. It indicates that the causation burden under section 408.008 requires proof of more than two equally plausible causes of the heart attack. *Id.*

Whereas a plaintiff in a gross negligence lawsuit can prevail if the fact finder concludes, among other elements, that the defendant's conduct was a cause in fact of the injury (perhaps one among several), a heart attack is compensable under section 408.008 only after the hearing officer weighs the potential contributing factors and concludes that work-related conditions contributed more to the heart attack than any preexisting condition. These questions are not identical. Because the causation burden under section 408.008 involves different questions from those in a gross negligence suit, we conclude that the causation issue was not fully and fairly litigated during the DWC compensability hearing, and we hold that the trial court erred in granting summary judgment on collateral estoppel grounds.

### Conclusion

Because we conclude that the trial court improperly granted summary judgment, we sustain Barnes's issue on appeal and reverse and remand to the trial court for further proceedings.

---

6. In *Crump*, the plaintiff argued that requiring workers' compensation complainants to demonstrate that that the employee's work was a substantial factor in bringing about their injury imposed a higher burden on claimants than had formerly been imposed. *Crump*, 330 S.W.3d at 223–24. The Court disagreed: "We have always required in workers' compensation cases a showing of 'unbroken causal connection' between the compensable injury[, which arises out of and in the course and scope of employment,] and the claimant's injury or death," *Id.* (citing *Tex. Indem. Ins. Co. v. Staggs*, 134 Tex. 318, 134 S.W.2d 1026, 1030 (Tex.Com.App.1940)).