**Opinion issued August 26, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00284-CV

————————————

**HAROLD EARL WILSON, Appellant**

**V.**

**DEUTSCHE BANK TRUST COMPANY AMERICAS FORMERLY KNOWN AS BANKER'S TRUST COMPANY, AS TRUSTEE AND CUSTODIAN FOR IXIS 2006-HE2, Appellee**

On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Case No. 0771999A

## MEMORANDUM OPINION ON REHEARING

We originally issued our memorandum opinion in this appeal on April 17, 2014. Appellant, Harold Earl Wilson, has filed a motion for rehearing.

We grant the motion for rehearing and withdraw our previous opinion and judgment, issuing this opinion and judgment in their place.

This is the third appeal arising out of an ongoing dispute between Harold Earl Wilson and his ex-wife, Veronica Wilson, regarding the division of their marital estate. Harold asserts an ownership interest in the couple's former residence that Deutsche Bank Trust Company Americas recently acquired. Harold filed this suit to recover that property, alleging his wife had sold it without his consent. A trial court granted Deutsche Bank summary judgment, finding res judicata barred Harold from re-litigating his claim to property that was disposed of in a final divorce decree. In three issues, Harold contends that the trial court erred in granting summary judgment to Deutsche Bank. We affirm.

## Background

For over 10 years, Harold has engaged in litigation challenging a trial court's division of the marital estate he shared with his ex-wife. In 2002, a trial court granted Veronica's petition for divorce and divided the marital estate. As part of the division, the trial court granted Veronica the couple's residential property located at 5321 Indian Shores Lane in Houston, Texas. Harold appealed, challenging the sufficiency of the evidence to support the trial court's division of their estate. This Court affirmed the final divorce decree, but reversed and

2

remanded the division for a new trial because there was insufficient evidence to support the trial court's division of the estate.

In 2006, a trial court entered a second divorce decree and again divided the estate, disposing of all of the Wilsons' assets.[1] The division did not explicitly address the Indian Shores property, which Veronica had sold in February 2006, almost four months before the trial court's second judgment. At trial, Veronica testified regarding the assets they owned and introduced an inventory and appraisement into evidence. *Wilson v. Wilson*, No. 01-06-00908-CV, 2010 WL 2545579, at *5–6 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). The inventory included her cash, bank accounts, and stock. Harold did not object to the accuracy of the inventory or Veronica's testimony. 2010 WL 2545579, at *2 n.1. Nor did he controvert her evidence regarding the couple's property. *Id.*

When Harold initially appealed the 2006 division, he argued that the trial court erred by (1) granting a new divorce effective in 2006 because the divorce was final in 2002 and the only issue remanded after the first appeal was the division of their property; (2) relying on Veronica's testimony regarding the 2006 value of their marital estate; and (3) failing to require an "accounting" of their estate for the period between the 2002 divorce and the 2006 trial. 2010 WL

---

[1] This Court later held that the trial court erred in granting a second divorce. *See Wilson v. Wilson*, No. 01-06-00908-CV, 2010 WL 2545579, at *1 (Tex. App.—Houston [1st Dist.] 2010, pet. denied).

2545579, at *1. In 2010, this Court held that the trial court erred by granting a second divorce because the 2002 divorce was final. But the Court held that there was sufficient evidence supporting the trial court's division of the estate and that Harold waived any right to challenge the lack of an accounting by failing to object to Veronica's testimony or to offer any controverting evidence. 2010 WL 2545579, at *2 n.1.

One year later, Harold filed a lawsuit against Deutsche Bank to recover an interest in the Indian Shores property.[2] In his petition, Harold stated that Veronica had sold the property on February 28, 2006, to Joaquin and Rachel Barrera and that the bank had obtained the property through a foreclosure sale and had recorded a deed on November 13, 2006. Harold contended that he had never consented to the deed conveying the property to the Barreras, the deed of trust securing the bank's financing for the Barreras' purchase, or the foreclosure deed of trust. Deutsche Bank moved for summary judgment, arguing that this Court's 2010 decision "conclusively determined" that Harold had no interest in the property and that res judicata precluded his claims against the bank. The trial court granted Deutsche Bank summary judgment and severed Harold's claims against the bank.

Harold timely appealed the judgment granted to Deutsche Bank.

---

[2] Harold also named Joaquin and Raquel Barrera as defendants, but the claims against Deutsche Bank were severed after it was granted summary judgment.

4

**Summary Judgment**

Harold contends that the trial court erred in granting summary judgment to Deutsche Bank for three reasons: (1) res judicata does not bar him from bringing a lawsuit to recover an interest in the Indian Shores property; (2) collateral estoppel does not bar his claims because there is no evidence that "any factual issues concerning title to the Indian Shores residence were actually litigated during the second divorce proceeding"; and (3) the bank failed to "conclusively establish that [he] was divested of title to the residence by a valid conveyance by [his ex-wife] Veronica."

## A.    Standard of review

We review a trial court's grant of summary judgment de novo. TEX. R. CIV. P. 166a; *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). There are different standards for reviewing traditional and no-evidence summary judgments. *Parker v. Valerus Compression Servs., LP*, 365 S.W.3d 61, 65–66 (Tex. App.—Houston [1st Dist.] 2011, pet. denied). When, as is the case here, the movant does not specify the type of summary judgment, does not use the term "no-evidence," does not reference Texas Rule of Civil Procedure 166a(i), and only raises affirmative defenses, we review the motion as a traditional motion for summary judgment. TEX. R. CIV. P. 166a(b)–(c), (i); *see Young Ref. Corp. v. Pennzoil Co.*, 46 S.W.3d 380, 385–86 (Tex. App.—Houston [1st Dist.]

2001, pet. denied); *see also Weaver v. Highlands Ins. Co.*, 4 S.W.3d 826, 829 n.2 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

Summary judgment is proper if, having viewed all of the evidence in the light most favorable to the non-movant, there are no genuine issues of material fact. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). In reviewing the evidence in the light most favorable to the non-movant, "[a] genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Id*. An issue of material fact may be established by direct or circumstantial evidence. *Id*. at 601 (citing *Lozano v. Lozano*, 52 S.W.3d 141, 149 (Tex. 2001)). If evidence transcends "mere suspicion," it raises a genuine issue of material fact, but evidence that is "so slight as to make any inference a guess is in legal effect no evidence." *Id*. When the order granting summary judgment does not specify the grounds on which it was granted, we must affirm the summary judgment if any of the asserted grounds are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000).

## B. Res judicata

Harold contends that summary judgment based on res judicata from the 2006 judgment was improper because that judgment did not award the Indian Shores property to Veronica. To prevail in raising res judicata as an affirmative defense,

the following elements must be present: (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) the same parties from the previous litigation or those in privity with them are now being sued, and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Barnes v. United Parcel Serv., Inc.*, 395 S.W.3d 165, 173 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); *see also Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 86 (Tex. 2008). Harold argues that the third element is missing because the 2006 decree did not expressly mention the Indian Shores property and, therefore, the property was not part of that judgment. He also contends that, because the property was not conveyed, "it is impossible to apply" res judicata.

### 1.    Waiver

As a preliminary matter, we consider Deutsche Bank's contention that Harold waived his right to challenge the summary judgment granted in its favor because he did not preserve error by first raising this argument in the trial court.

To preserve a complaint for appellate review, a party must make a timely request, objection, or motion with sufficient specificity to notify the trial court of the complaint and to afford the trial court an opportunity to rule on the objection. TEX. R. APP. P. 33.1(a)(1)(A). With the exception of challenging the legal sufficiency of a summary judgment, a "non-movant must expressly present to the trial court, by written answer or response, any issues defeating the movant's

entitlement" to summary judgment to preserve the right to appeal. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993); *see Oleksy v. Farmers Ins. Exch.*, 410 S.W.3d 378, 384–85 (Tex. App.—Houston [1st Dist.] 2013, pet. denied); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 745–75 (Tex. 1979) (holding that failure to "expressly present to the trial court those issues that would defeat the movant's right to a summary judgment" waives complaint); *see also* TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.").

Deutsche Bank's summary judgment motion argued that Harold's claim that he owned the Indian Shores property was precluded by res judicata because the property was addressed in the trial court's 2006 division of the marital estate. Harold responded that the bank "failed to meet its burden to produce evidence or facts to support a summary judgment on res judicata . . . [and, therefore, he had] raised a genuine issue of material fact." Specifically, Harold argued that the 2006 property division made "absolutely no mention of" the Indian Shores property and, therefore, it did not dispose of his interest in the property. He did not argue, as he does now, that Deutsche Bank failed to establish the third element of res judicata.

In support of his appellate argument that this element is missing, Harold argues that the Texas Family Code permits either former spouse to bring a post-

8

divorce suit to divide community property that was not explicitly included in the divorce decree. While Harold did not reference the Family Code in his summary judgment response, he did contend that the 2006 judgment did not divest him of his interest in the Indian Shores property and that the bank failed to explain why the 2002 decree addressed that property but the 2006 decree did not do so. Harold also cited *Schlueter v. Schlueter*, 975 S.W.2d 584, 591 (Tex. 1998), for the proposition that a trial court cannot prohibit a suit by a former spouse to recover his separate property. We conclude that Harold's arguments in response to the bank's summary judgment motion are sufficiently similar to his argument on appeal that the 2006 judgment did not bar his lawsuit against the bank because it did not dispose of his interest in the Indian Shores property.

Accordingly, we conclude that Harold did not waive his right to raise that argument on appeal. TEX. R. APP. P. 33.1. We, therefore, turn to the merits of Deutsche Bank's res judicata defense.

### 2. Summary judgment was proper based on res judicata

Deutsche Bank contends that the 2006 divorce decree, as interpreted in this Court's 2010 opinion, addressed all of the Wilson property, and, therefore, res judicata applies. Specifically, the bank contends that the 2006 judgment accounted for the sale of the Indian Shores property in making its property division and that

the 2010 opinion rejected Harold's argument that the trial court abused its discretion in dividing the property.

Res judicata is an affirmative defense that "prevents the re-litigation of a claim or cause of action that has been finally adjudicated in a prior lawsuit." *Barnes*, 395 S.W.3d at 173 (citing *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992)); *see also* TEX. R. CIV. P. 94. Final divorce decrees, like all other final judgments, are subject to res judicata. *Baxter v. Ruddle*, 794 S.W.2d 761, 762 (Tex. 1990).

Harold's arguments are premised on his contention that the 2006 judgment did not dispose of the Indian Shores property and, therefore, he still retains his interest—whether separate or community—in the property. Harold correctly observes that "[e]ither former spouse may file a suit . . . to divide property not divided or awarded to a spouse in a final decree of divorce or annulment." TEX. FAM. CODE ANN. § 9.201(a) (West 2011); *see, e.g.*, *Harrell v. Harrell*, 692 S.W.2d 876 (Tex. 1985); *Busby v. Busby*, 457 S.W.2d 551, 554–55 (Tex. 1970). These cases do not apply, however, when the final decree divides all of the marital property. *See, e.g.*, *Wilde v. Murchie*, 949 S.W.2d 331, 332–33 (Tex. 1997) (reversing trial court finding of omitted property because decree divided all contested property).

10

The 2006 judgment disposed of all the property owned by Veronica and Harold at the time. The Indian Shores property already had been sold; therefore, it could not have been divided or conveyed. Thus, it was not mentioned in the June 2006 division. But the trial court did consider any value the estate might have gained from the sale of that property in dividing the estate. During the 2006 trial, Veronica offered testimony regarding the total value of their estate and offered an inventory and appraisal into evidence. Harold did not object to or controvert any of Veronica's testimony. But Harold later appealed the 2006 division, arguing that the trial court should have "required an 'accounting' of marital assets from the time of January 8, 2002, the date of the parties' actual divorce through the date the remanded marital division was tried on June 26, 2006." *See Wilson*, 2010 WL 2545579, at *3 n.1. In overruling Harold's assertion that an accounting was necessary and upholding the 2006 division, this Court held that Harold waived any right to challenge the lack of appraisal because he did not raise the issue in the trial court. 2010 WL 2545579, at *11. Based on this record, we conclude that the trial court's 2006 decree divided the marital property, including any proceeds from the sale of the Indian Shores property that could have been traced had Harold pursued an accounting in the trial court. The 2006 decree, therefore, addressed the Indian Shores property.

11

Accordingly, the third element of res judicata—a second action based on the same claims that were raised or could have been raised in the first action—is satisfied because Harold seeks to re-litigate "a claim or cause of action that has been finally adjudicated." *Barr*, 837 S.W.2d at 629; *see Matter of Marriage of Parr*, 543 S.W.2d 433, 436 (Tex. App.—Corpus Christi 1976, no writ) (upholding judgment because res judicata barred "a subsequent suit between the same parties or with another so identified in interest with such parties that he represents the same particular issue previously tried").

We conclude that the trial court did not err by granting Deutsche Bank summary judgment based on res judicata.[3]

## C. Conveyance of the Indian Shores property

Harold next contends that Deutsche Bank's "motion and evidence does not conclusively establish that Harold was divested of title to the residence by a valid conveyance by Veronica." The bank responds that it did not rely on the conveyance in its summary judgment motion. We agree.

---

[3] Because we hold that summary judgment was proper based on res judicata, we do not reach Harold's alternative argument that summary judgment was improper on collateral estoppel grounds. *See Barnes v. United Parcel Serv., Inc.*, 395 S.W.3d 165, 174 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (noting that "party asserting the [collateral estoppel] doctrine must prove that: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) the facts were essential to the judgment in the first action, and (3) the party against whom collateral estoppel is sought was a party in the first action.").

The bank's summary judgment motion, and our reason for finding no error, is that summary judgment was based on res judicata based upon the 2006 judgment and this Court's later affirmation of that judgment. *See Wilson*, 2010 WL 2545579, at *5–6.

Because summary judgment was properly granted on the basis of res judicata, we overrule Wilson's third issue.

## Conclusion

Having overruled all of Wilson's issues, we affirm.


Harvey Brown
Justice

Panel consists of Justices Keyes, Bland, and Brown.

13