

# NUMBER 13-23-00035-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DR. XAVIER CANTU,                                                                      Appellant,

v.

WEBB COUNTY AND
LAREDO COLLEGE,                                                                       Appellees.

## ON APPEAL FROM THE 341ST DISTRICT COURT
## OF WEBB COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Justices Benavides, Tijerina, and Silva**
**Memorandum Opinion by Justice Tijerina**

Appellant Dr. Xavier Cantu appeals the trial court's judgment granting appellee Laredo College's (Laredo) motion for directed verdict. By two issues, Dr. Cantu contends that res judicata and collateral estoppel bar the trial court's ruling and that the trial court improperly held a bench trial when he timely requested a jury trial. We reverse and

remand.[1]

# I.    BACKGROUND

On July 24, 2015, the United Independent School District (United) sued Dr. Cantu for nonpayment of property taxes owed for Dr. Cantu's business property for 2014. Laredo filed its petition in intervention on August 14, 2015, to collect delinquent taxes, claiming that Dr. Cantu had not paid taxes for his business property for 1994, 1995, and 2014. On November 11, 2015, Webb County filed its petition in intervention to collect delinquent taxes for 1994, 1995, and 2014 for Dr. Cantu's business property. Thereafter, on April 28, 2016, Dr. Cantu filed his amended answer and counterclaim, wherein he countersued Laredo for several causes of action, attorney's fees, and sanctions. On June 22, 2018, Laredo filed its notice of nonsuit of all its claims for delinquent taxes against Dr. Cantu. United and Webb County also filed nonsuit of their claims against Dr. Cantu.

On June 17, 2019, Laredo filed a joint motion for no evidence and traditional summary judgment on Dr. Cantu's claims. On February 5, 2020, Dr. Cantu filed a third supplemental counterclaim claiming breach of contract, seeking enforcement of a Rule 11 agreement, *see* TEX. R. CIV. P. 11, and a previous judgment, and seeking a declaratory judgment that Dr. Cantu owned certain property and owed no taxes on that property.

Dr. Cantu filed a demand for jury trial on February 18, 2020. The trial court granted Laredo's motion for no evidence and traditional summary judgment on March 4, 2020, ordering that Dr. Cantu take nothing for most of his claims. On October 14, 2022, Laredo

---

[1] This appeal was transferred to this Court from the Fourth Court of Appeals pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

filed a general denial to Dr. Cantu's third supplemental counterclaim.

At a bench trial on Dr. Cantu's breach of contract claim held on December 16, 2022, Dr. Cantu argued that Laredo breached a Rule 11 agreement, Dr. Cantu was entitled to a declaratory judgment stating that his taxes through 2021 were paid, Laredo breached agreements in two prior judgments, and he was entitled to attorney's fees. Specifically, Dr. Cantu claimed that the parties had agreed in the 2011 judgment that Dr. Cantu was not liable for taxes on his real property for the "'93 to '95 taxes due," but nonetheless, Laredo filed subsequent lawsuits for delinquent taxes breaching the Rule 11 agreement. No other issues or claims were heard at the bench trial.

The trial court granted directed verdicts in favor of Laredo and Webb County, and it dismissed all of Dr. Cantu's claims and causes of action against all parties.[2] This appeal ensued.

## II. RES JUDICATA

By his first issue, Dr. Cantu contends that the trial court's directed verdict is improper because res judicata applies. Notably, Dr. Cantu argues that Laredo is barred from any claims to past due property taxes because that issue has been decided in another judicial proceeding. However, upon our review of the record, all claims against Dr. Cantu for delinquent taxes were nonsuited prior to the trial. *See Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam) (setting out that a plaintiff's right to nonsuit of its own cause of action exists at the moment a motion is filed, and the case is extinguished from that moment);

---

[2] Appellant does not challenge the trial court's directed verdict in favor of appellee Webb County.

3

*Shadowbrook Apartments v. Abu-Ahmad*, 783 S.W.2d 210, 211 (Tex. 1990) (citing *Greenberg v. Brookshire*, 640 S.W.2d 870 (Tex. 1982)); *see also In re Lone Star Nat'l Bank*, No. 13-18-00487-CV, 2018 WL 4997282, at *3 (Tex. App.—Corpus Christi–Edinburg Oct. 15, 2018, orig. proceeding) (mem. op.) (stating that a nonsuit "extinguishes a case or controversy from 'the moment the motion is filed'" and noting that the nonsuit "renders the merits of the nonsuited case moot"). Thus, the only remaining issues before the trial court at the bench trial were related to Dr. Cantu's suit against Laredo and Webb.

Res judicata, which includes collateral estoppel, is an affirmative defense from a suit that bars the re-litigation of claims that were previously adjudicated or that could have been adjudicated in the previous suit. TEX. R. CIV. P. 94; *Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 225 (Tex. 2022); *Barnes v. United Parcel Serv., Inc.*, 395 S.W.3d 165, 173 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). Res judicata is a defense to suit if: (1) a prior final judgment on the merits exists; (2) the parties are the same or in privity with the parties in the first action; and (3) the claims of the second action could have been raised in the first action. *Rosetta Res. Operating, LP*, 645 S.W.3d at 225.

Dr. Cantu filed a countersuit against Laredo for breach of contract, among other things; however, Laredo then dismissed its claims against Dr. Cantu. Thus, there were no longer any claims against Dr. Cantu when the trial court made its ruling, and the only remaining claim was Dr. Cantu's suit against appellees. *See id.* Dr. Cantu does not explain how the doctrine of res judicata, which is a defense to a suit, applies under these circumstances. *See Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 706 (Tex. 2021) ("The party asserting the defense of res judicata has the burden of proving each

4

element of the defense."). Accordingly, we overrule Dr. Cantu's first issue.[3]

### III.  RIGHT TO A JURY TRIAL

By his second issue, Dr. Cantu contends that the trial court erred in denying his request for a jury trial. Specifically, Dr. Cantu argues that he filed a timely demand for a jury trial, and the trial court improperly held a bench trial. Appellee responds that Dr. Cantu waived his right to demand a jury trial by agreeing to proceed at the bench trial.

### A.  Pertinent Facts

At the bench trial, the trial court asked if the parties were "ready" or had "anything else" to say. Laredo's trial counsel replied, "Are we doing a brief opening[?]" Dr. Cantu's trial counsel said, "What I believe is pending [needs] to be ruled on." The trial court said, "Which is?" Dr. Cantu's trial counsel asked the trial court to rule on his motion for summary judgment. The trial court stated, "Well, look, that was not on notice today, so I'm not going to rule on those." Dr. Cantu's trial counsel insisted he needed "a ruling on it," and the trial court said, "[I]t's denied." After discussing the motion further, the trial court stated, "Look, this case was set for trial today, not summary judgment." The trial court explained that he would "call the case after opening," and said, "I'm going to ask you to call your first witness; and we're going to move forward." Dr. Cantu's trial counsel said, "[Y]ou overruled [the] motion, . . . I think it's something very simple . . . that [Dr. Cantu] did want a jury trial," and "I mean, [Dr. Cantu has] been taken advantage of here." The trial court asked, "Is this your opening statement? I'll give you five minutes." Dr. Cantu's trial counsel replied, "So,

---

[3] Although as further explained below, we reverse and remand this case, we review appellant's first issue because if sustained, it would entitle him to greater relief.

5

I mean, there's no jury trial. It's just the bench trial." The trial court said, "It was set for a bench trial, and we're here. So your opening statement. I'll give you five minutes." Dr. Cantu's trial counsel replied, "All right, Judge," and he made his opening remarks concerning his breach of contract claim. The trial proceeded.

## B. Discussion

A party may waive its right to a jury trial, even after perfecting its right to such in accordance with Rule 216 of the Texas Rules of Civil Procedure which states: that "[n]o jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial . . . ." *See* TEX. R. CIV. P. 216; *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 130 (Tex. 2004) (orig. proceeding). The right to a trial by jury is a waivable right and Rule 216's "express language," makes a timely demand for a jury trial and paying the fee "prerequisites to a jury trial, not guarantees of one." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 130. To preserve the right to complain on appeal that the trial court violated the party's right to a jury trial, the party must have objected at the time of the trial or indicated "affirmatively in the record [that the party] intend[ed] to stand on its perfected right to a jury trial." *Vardilos v. Vardilos*, 219 S.W.3d 920, 923 (Tex. App.—Dallas 2007, no pet.) (citing *Sunwest Reliance Acquisitions Grp., Inc. v. Provident Nat'l Assurance Co.*, 875 S.W.2d 385, 387 (Tex. App.—Dallas 1993, no writ)).

Here, it is undisputed that Dr. Cantu timely filed a written jury trial demand and paid the fee. When the trial court began the bench trial, Dr. Cantu stated that he "did want a jury trial," and "I mean, there's no jury trial. It's just the bench trial." Thus, Dr. Cantu made

the trial court aware of his complaint that that he wanted a jury trial. *See Pisharodi v. Columbia Valley Healthcare Sys., L.P.*, 622 S.W.3d 74, 87 n.5 (Tex. App.—Corpus Christi–Edinburg 2020, no pet.) (explaining that a party need only demand a jury trial, timely pay the fee, and re-urge his objection to the proceeding without a jury trial). Accordingly, he preserved this issue, and we sustain it.

## IV.    CONCLUSION

We reverse the trial court's judgment and remand for proceedings consistent with this memorandum opinion. *See Manderscheid v. Laz Parking of Tex., LLC*, 506 S.W.3d 521, 528–29 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (reversing the judgment and remanding for further proceedings consistent with its opinion after concluding that the trial court erred in ruling that the appellant was not entitled to a jury trial because the appellant demanded a jury trial, paid the fee, and re-urged his request at the proceeding).

JAIME TIJERINA
Justice

Delivered and filed on the
30th day of May, 2024.